PRICE, Judge Pro Tem.
On October 15, 1990, Ouachita Parish attorney James L. Braddock, filed suit pursuant to LRS 18:1401 et seq. objecting to the candidacy of Judge Robert W. Kostel-ka, who is seeking re-election to Division A of the 4th Judicial District Court. The suit alleged that permitting Judge Kostelka to remain a candidate for re-election would result in either the perpetuation of a direct violation of Louisiana’s law restricting dual candidacy (LRS 18:453A) or a violation of Louisiana’s law restricting dual office holding (LRS 42:61 et seq). In a judgment rendered and signed on October 19, 1990, the trial court rejected plaintiff’s demands and dismissed the suit at his cost; this appeal followed. For the reasons explained below, we affirm the trial court judgment.
In the trial court proceedings, the parties stipulated to the following facts.
Judge Robert Kostelka was elected to Division A of the 4th Judicial District Court in December 1982, and took office in February 1983. He is approaching the end of his second term which will expire December 31, 1990. A new seat on the 2nd Circuit Court of Appeal was created by Legislative Act No. 8 of 1990, and qualifying for this position was held in July 1990. Judge Kos-telka was the only candidate to qualify for the newly-created appellate position and, as a result, was deemed elected; his name did not appear on the ballot for the election scheduled for October 6, 1990. An injunc *250 tion in federal district court, which had prevented the election of judges to the 4th Judicial District Court, was lifted on October 2, 1990. The lifting of this injunction paved the way for an election to be held in Division A of the 4th Judicial District Court for the seat occupied by Judge Kostelka. Qualifying was scheduled for October 1990, with the primary election to be held on November 6, 1990. Judge Kostelka and two other candidates, including plaintiff, qualified for election to Division A.
In addition to the above-stipulated facts, we note that while the election process for filling the newly-created seat on the 2nd Circuit Court of Appeal was allowed to go forward, resulting in Judge Kostelka’s being elected without opposition, he was enjoined pursuant to federal litigation from taking office pending further orders of the United States District Court for the Middle District of Louisiana. Recent developments in the federal litigation will allow Judge Kostelka to serve on the court of appeal provisionally, pending further orders of the federal district court. However, at the time Judge Kostelka made his decision to seek re-election to Division A of the 4th Judicial District Court he was faced with the possibility not only of losing his district court judgeship by not seeking reelection, but also of not being allowed to hold judicial office on the 2nd Circuit Court of Appeal.
The provisions of LRS 18:492 set forth the four grounds upon which an action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based:
(1) The defendant failed to qualify for the primary election in the manner prescribed by law;
(2) The defendant failed to qualify for the primary election within the time prescribed by law;
(3) The defendant does not meet the qualifications for the office he seeks in the primary election; or,
(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified in the primary election.
The only one of the enumerated grounds for objection arguably applicable to Judge Kostelka is the fourth ground which concerns instances in which the defendant is prohibited by law from becoming a candidate. In the instant case, plaintiff alleged that Judge Kostelka was prohibited from becoming a candidate by either Louisiana’s law against dual candidacy, or Louisiana’s law against dual office holding.
The statutory prohibition against dual candidacy is found in LRS 18:453 which provides in pertinent part:
A. General prohibitions. A person shall not become a candidate in a primary or general election for more than one office unless one of the offices is membership on a political party committee, nor shall a person be a candidate at the same time for two or more different offices to be filled at separate elections.
The above-quoted statutory provisions essentially prohibit overlapping candidacies for different offices, regardless of whether the elections for those offices occur at the same time or on different dates. Judge Kostelka’s qualifying for re-election to the 4th Judicial District Court does not fall within the scope of this prohibition because at the time he qualified for re-election (October 1990), he was no longer a candidate for election to the judgeship on the 2nd Circuit Court of Appeal. Instead, pursuant to the provisions of LRS 18:511B, after the qualifying period for the 2nd Circuit judgeship closed without Judge Kostelka being opposed for that office, he was declared elected by the people at that time (July 1990), and his name did not appear on the ballot in the primary election.[1]
*251 Nevertheless, plaintiff argues that Judge Kostelka still falls within the scope of the prohibition because of the provisions of LRS 18:1483(12)(a), under which an un-op-posed candidate is “deemed to participate” in a primary election, and because of the definition of the word “election” found in Cook v. Campbell, 360 So.2d 1193 (La.App. 2d Cir.1978). The simple answer to these arguments is that both the statute and the case are inapposite to the case at bar. The provisions of 18:1483(12)(a) are part of Louisiana’s Election Campaign Finance Law, the purpose of which is to provide public disclosure of the financing of election campaigns and to regulate certain campaign practices. LRS 18:1482. To achieve that purpose, a candidate is required to file a campaign finance report for each regularly scheduled election in which the candidate participates. See LRS 18:1495.4. A candidate is “deemed to participate” in a primary election whether or not the candidate failed to qualify for office after becoming a candidate, has withdrawn from the election, or is unopposed. While it is both understandable and desirable for campaign financing information to be disclosed, even when a candidate is unopposed, the definitions contained in the Election Campaign Finance Law cannot be transferred to and grafted upon those provisions of Louisiana’s Election Code dealing with the qualifying of candidates for election and objections to candidacy, without leading to absurd consequences.
If the provisions of 18:1483(12)(a) were read into the provisions against dual candidacy, then not only unopposed candidates, but also candidates who failed to qualify for office after becoming a candidate, as well as candidates who withdrew from the election, would be “deemed to participate” in the primary election for purposes of dual candidacy. Thus, even though a party never officially qualified for office, or qualified but then withdrew, that party could not subsequently qualify for another office without running afoul of the prohibition against dual candidacy. Such an absurd result obviously was never intended by our legislature. Instead, in keeping with the principle that statutes in pari materia should be construed together, Keelen v. State, Department of Culture, Recreation and Tourism, 463 So.2d 1287 (La.1985), we hold that when the provisions of 18:453A are read in pari mate-ria with those of 18:51133, the prohibition against dual candidacy unambiguously excludes cases in which a party, who has been declared elected for lack of opposition, subsequently qualifies for another elective office; such a party cannot still be construed as a candidate in the first election at the time of qualifying for the second election.
For the same reasons, LRS 42:39(A) relied on by plaintiff, could have no application in this case, even if it otherwise could be construed as containing a prohibition against dual candidacy — a doubtful proposition at best. The statute provides:
A. After July 31, 1968, no person serving in or elected or appointed to the office of judge of any court, justices of the peace excepted, shall be eligible to hold or become a candidate for any national, state or local elective office of any kind whatsoever, including any national, state or local office in any political party organization, other than a candidate for the office of judge for the same or any other court.
The purpose of this statute appears simply to be to prohibit judges from running for offices other than judicial offices, rather than a prohibition against dual candidacy.
Furthermore, the definition of “election” found in this Court’s opinion in Cook v. Campbell, supra, does not support plaintiff’s argument. The issue there was whether or not a candidate who had been admitted to the practice of law less than five years on the date of qualifying, but who would have been an attorney for five years at the time of the general election, could properly qualify and run for election to a judgeship. We held that the phrase “prior to his election” as used in LSA-La. Const. 1974, Art. 5, § 24, under which a judicial candidate shall have been admitted to the practice of law in this state for at least five years “prior to his election,” *252 means prior to the date established in accordance with law for the general election in the election process for the office of district judge. Thus, a candidate for district judge is not required to have been admitted to the practice of law for five years at the time he qualifies as a candidate, but is required to have this qualification at the time of the general election. The constitutional interpretation was needed because this Court found the phrase “prior to his election” to be somewhat vague and subject to more than one interpretation. In contrast, as previously noted, we find the provisions of 18:453A and 18:511B, when read in pari materia, unambiguously exclude the situation presented in the instant case from the scope of the prohibition against dual candidacy. Furthermore, this case does not deal with Judge Kostelka’s qualifications for the office of judge which are not in question.
Plaintiff also has raised the issue of whether Louisiana’s law against dual office holding has been violated. Under the pertinent provisions of LRS 14:63C, no person holding an elective office in the government of this state shall at the same time hold another elective office, a full-time appointive office, or employment in the government of this state or in the government of a political subdivision thereof. Thus, Judge Kostelka could not simultaneously hold the office of district judge and hold the office of appellate judge. However, plaintiff stated during argument in the district court that plaintiff did not contend Judge Kostelka was holding office on the 2nd Circuit Court of Appeal; we agree. Thus, unless and until such time as Judge Kostelka is to be sworn in as a judge on the 2nd Circuit Court of Appeal, the possibility of a violation of Louisiana’s prohibition against dual office holding will not arise. We further observe that a very analogous situation arises every time a judge currently serving on one court runs for and is elected to another court. No dual office holding occurs as long as the first judgeship is resigned prior to the judge’s taking office for the second judgeship.
Finally, we note that plaintiff also has assigned as error the trial court’s refusal to allow plaintiff to amend a paragraph of his complaint without leave of court prior to answers being filed or served. The record reveals that plaintiff attempted to orally amend Paragraph 3 of his petition to strike the last sentence of that pleading which stated that at the time of qualification, Judge Kostelka was aware of the injunction imposed by the United States Federal Court, with reference to his qualifications for candidacy for the 2nd Circuit Court of Appeal. Nothing more needs to be said regarding this assignment than to observe that even if the trial court erred in not allowing this amendment, the error was harmless because it in no way affected the legal issue presented with reference to Judge Kostelka's qualifications for candidacy.
CONCLUSION
For the reasons set forth above, we find that Judge Robert W. Kostelka is not prohibited either by Louisiana’s statutory prohibition against dual candidacy or by Louisiana’s statutory prohibition against dual office holding from seeking re-election to Division A of the 4th Judicial District Court. Accordingly, the judgment of the trial court rejecting plaintiff’s demands and dismissing his suit is affirmed. The costs of appeal are assessed to appellant.
AFFIRMED.
NORRIS, J., concurs with reasons.

. The provisions of LSA-R.S. 18:511B state:
B. Election of unopposed candidates for public office. If, after the close of the qualifying period for candidates in a primary election, the number of candidates for a public office does not exceed the number of persons to be elected to the office, the candidates for that office, or those remaining after the withdrawal of one or more candidates, are declared elected by the people, and their names shall not appear on the ballot in either the primary or the general election.