359 So.2d 1311 (1978)
Philip MONTELEPRE et al.
v.
Edwin W. EDWARDS et al.
No. 9582.
Court of Appeal of Louisiana, Fourth Circuit.
May 25, 1978.
*1312 Montelepre, Montelepre, P. C., Philip Montelepre, New Orleans, for plaintiffs-appellants.
William J. Guste, Jr., Atty. Gen., Kendall J. Vick and Donald Ensenat, Asst. Attys. Gen., for defendants-appellees.
*1313 Emile Turner, Jr., New Orleans, amicus curiae.
Before REDMANN, BOUTALL and GARSAUD, JJ.
GARSAUD, Judge.
Petitioner, Philip Montelepre, a publicly-announced candidate for the office of Municipal Court judge for the City of New Orleans, filed a petition for declaratory judgment and injunctive relief to declare R.S. 13:2492(A) unconstitutional as a denial of equal protection of the law under the United States Constitution and as unreasonably discriminatory on the basis of age under the Louisiana Constitution of 1974. This claim is based on the provision of that statute which requires that a member of that court shall not be less than thirty years of age.[1] Other petitioners, registered voters of Orleans Parish, contend that the age requirement of R.S. 13:2492(A), under these circumstances, denies them certain rights protected by the First Amendment of the United States Constitution. We should note here that the petitioner, Philip Montelepre, brought this action only in his capacity as a potential candidate for the office, and not as an incumbent by appointment whose incumbency had been challenged. The latter contention was obviated when Mr. Montelepre resigned from that office, to which he had been appointed as judge ad hoc pending election of a permanent judge.
The trial court dismissed the plaintiff's claim for declaratory judgment as to the unconstitutionality of R.S. 13:2492(A), but declared Montelepre qualified to seek the office of judge of the Municipal Court of the City of New Orleans under R.S. 18:451.[2] The trial court interpreted R.S. 18:451 as follows:
"I read a clear distinction between qualifying for the election and qualifying for the office. One qualifies for the office by having been elected and taking an oath.
"Therefore, if a candidate will be 30 years old by the time he qualifies for the `office,' he meets the requirements of R.S. 13:2492, as read in the light of R.S. 18:451."
The respondents filed a motion to dismiss the appeal with this Court on the theory that, as the petitioner was declared qualified, he received a favorable judgment and thus had no right to appeal. We cannot agree. The petitioner's prayer for a declaration of unconstitutionality was dismissed. As he did not secure a judgment in strict accordance with the prayer of his petition, he may appeal. Simpson v. Kimbell Milling Company, 164 So.2d 637 (La.App. 3rd Cir. 1964), writ refused, 246 La. 834, 167 So.2d 665; Salassi v. Salassi, 220 La. 785, 57 So.2d 684 (1952).
Regarding the merits of the appeal, this Court finds that the petitioner is qualified to run for the office of judge of the Municipal Court for the Parish of Orleans, but for reasons other than those found by the trial court. In view of this finding, the constitutional question will not be reached. Ashwander v. Tennessee Valley Authority, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring); Siler v. Louisville & Nashville R. Co., 213 U.S. 175, 29 S.Ct. 451, 53 L.Ed. 753 (1909); Aucoin v. Dunn, 255 La. 823, 233 So.2d 530 (1970); *1314 Stein v. Town of Lafitte, 266 So.2d 516 (La.App. 4th Cir. 1972), writ denied, 268 So.2d 259.
R.S. 18:451 is perhaps imprecisely drawn, and it is somewhat difficult to ascertain the intent of the legislature in enacting this particular section. Nevertheless, we believe that, taken as a whole, that section refers to qualifications for candidacy, which by definition means that one must possess the requisite qualifications for a position at the time one qualifies to seek that position; in other words, one qualifies when he files to run for the office. Such requisite qualifications, however, as will be seen below, may refer to a subsequent condition.
We reach this interpretation by an analysis of the language of the section itself, aided by reference to the title and chapter wherein R.S. 18:451 is found. Although classification and organization of sections of the Revised Statutes and headings to those sections do not constitute part of the law, R.S. 1:12-13, nonetheless we believe they provide some aid in interpreting legislative intent where the language of the statute is unclear. The section in question is found in Chapter 5 of the Election Code, entitled "Primary and General Elections," and in Part IV of that chapter, entitled "Candidates." Further, the title of § 451 itself is "Qualifications of Candidates." Additionally, the language of the first sentence clearly refers to the qualifications one must have when one qualifies as a candidate. Accordingly, we believe the section was intended to refer to qualifications for candidacy.
No doubt the troublesome question arises due to the last sentence of that section, which says, "Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office." The trial court interpreted that section, in effect, to read, "at the time he assumes office." We do not agree. We believe that the operative word here is "qualifies," and that, in the context of this section, as well as in the context of elections generally, "qualifies" is normally understood to mean "qualifies to become a candidate." One does not "qualify" when one is elected; rather, one "assumes office" or "takes office." By using the term "qualifies," the legislature is still referring to a candidate or his candidacy, as opposed to his capacity as a duly elected official. In summary, then, we feel that the legislative intent, as indicated by the title of the section, by the specific language of the first sentence, and by the use of the term "qualifies" in the last sentence, is that the candidate must meet the qualifications for the office at the time he qualifies to run as a candidate, except, of course, as otherwise provided by law.[3]
Applying this rationale to the instant case, we see that R.S. 13:2492(A) states, "They shall not be less than thirty years of age." This sentence follows the sentence which says, "The court shall consist of four judges . . . ." It is apparent that "they" refers back to "judges"; thus, a requirement for that office is that one be thirty years of age when he assumes the office. As the petitioner, on the day he qualifies to be a candidate for the office, will fulfill the requirements for being a judge because he will be thirty years of age on the day the duly elected candidate assumes the office, he meets the qualifications to be a candidate under R.S. 18:451. Put another way, one of the qualifications to be a candidate for office is whether, at the time one becomes a candidate by filing to run for office, it can be determined that one will possess the requirements, if any, for assuming the office. Here, it can be determined on the day Montelepre qualifies as a candidate that he will meet the requirement *1315 for assumption of the officehe will be thirty years old on or before the date the office is to be assumed.
For these reasons, the decision of the trial court is affirmed.
REDMANN, J., concurring.
REDMANN, Judge, concurring.
The expression qualify for office is embodied in our jurisprudence and statutes, and was contained in our 1921 Constitution (e. g., art. 7 § 69 C). One who has been elected or appointed to an office "qualifies for that office" (the phrase of R.S. 18:451) by taking the oath of office (and, if bond is required, by giving bond). (See, e. g., La. R.S. Tit. 42, Ch. IV, "Qualification by Taking Oath and Giving Bond", and § 142's use of "qualify for office"; also cases noted at West's LSA-R.S. 42:141.)
R.S. 18:451 provides "a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office." It does not say "at the time he qualifies as a candidate for that office." To so interpret it is to arrogate to it the amendment of the Constitution, in respect to all offices whose qualifications are set forth in the Constitution (e. g., La.Const. 1974 art. 5 § 24). That would be constitutionally impermissible and therefore a most unworthy and most unlikely interpretation of R.S. 18:541. See Powell v. McCormack, 1969, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491.
The trial judge's differentiation of R.S. 18:451's two qualifyings as a candidate and for office, is historically and constitutionally correct: the statute says only, and requires no more than, that a candidate shall possess the "qualifications for office" by the time he is to qualify for office by taking his oath of office.
NOTES
[1] R.S. 13.2492(A) states as follows:

"A. The court shall consist of four judges, all of whom must be attorneys-at-law, who shall be elected by the qualified electors of the parish of Orleans. They shall not be less than thirty years of age. Each shall have practiced law in the state for at least five years preceding his election; and shall be a duly qualified elector of the parish of Orleans."
[2] R.S. 18:451 states as follows:

"§ 451. Qualifications of candidates
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for the office."
[3] E. g., R.S. 13:2492(A) provides, in part, "Each shall have practiced law in the state for at least five years preceding his election; . . . ."