360 So.2d 1193 (1978)
Walter L. COOK, Plaintiff-Appellant,
v.
Cecil P. CAMPBELL, II, Defendant-Appellee.
No. 13695.
Court of Appeal of Louisiana, Second Circuit.
July 25, 1978.
Writ Refused August 1, 1978.
*1195 Roland V. McKneely, Jr., Bossier City, for plaintiff-appellant.
Campbell, Campbell & Johnson by John T. Campbell, Minden, Robert G. Pugh, Shreveport, for defendant-appellee.
Before PRICE, HALL and JONES, JJ.
HALL, Judge.
Plaintiff, Walter L. Cook, a registered voter in Bossier Parish, brought this action objecting to the candidacy of defendant, Cecil P. Campbell, II, for election to the office of District Judge, Division C, Twenty-Sixth Judicial District Court for Bossier and Webster Parishes. As grounds for the objection to candidacy, plaintiff contends that defendant does not meet the qualifications for the office he seeks because he will not have been admitted to the practice of law in this state for five years until October 5, 1978, a date subsequent to the date on which defendant qualified as a candidate and subsequent to the date of the primary election at which one of the two candidates for the office will be elected.
In response, defendant contends that the five-year requirement is to be determined as of the date of the general election, at which time he will have been admitted to the practice of law for more than five years.
After trial, the district court, in written reasons for decision, upheld the defendant's contentions, found that he meets the qualifications of the office, and rejected plaintiff's demands. Plaintiff appealed. We affirm the judgment of the district court.
Defendant was admitted to the practice of law in this state on October 5, 1973. He qualified on July 10, 1978 as a candidate in the regular election for district judge. As provided by law, the election is to be at the same time as the regular congressional election, with the primary election scheduled for the third Saturday in September (September 16) and the general election scheduled for the first Tuesday after the first Monday in November (November 7). Defendant will have been admitted to the practice of law for five years on October 5. There is one other candidate for the office.
La.Const. art. V, § 24 establishes the qualifications of judges of the district courts, and provides in part:
"A judge of the . . . district court. . . shall have been admitted to the practice of law in this state for at least five years prior to his election . . ."
Plaintiff's first contention is that a candidate for district judge must meet the five-year practice requirement as of the date he qualifies as a candidate under the provisions of LSA-R.S. 18:451, which provides:
"A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office."
This section of the Election Code requires that a candidate shall possess the qualifications for the office he seeks at the time he qualifies as a candidate for that office,[1]except as otherwise provided by *1196 law. In the case of the five-year law practice requirement for judges, the law provides otherwise. The applicable and controlling constitutional article provides that the five-year requirement be met at the time of election, not the time of qualifying as a candidate in an election.[2] The statutory provision cannot vary or add to the constitutional provision establishing the qualifications for holding the office of judge. Knobloch v. 17th Judicial Dist. Democratic Exec. Com., 73 So.2d 433 (La.App. 1st Cir. 1954).
Plaintiff contends the constitutional requirement that a judge be admitted to practice for "at least" five years authorizes the legislature to statutorily require admission to practice for a longer period of time and for this reason the requirement that a candidate for judge have the five years of law practice at the time he qualifies as a candidate does not conflict with the constitutional provision. We disagree. The words "at least" are included to make it clear that a lawyer is qualified to serve as judge if he has been admitted to practice longer than the minimum five-year period. Where the legislature is authorized to vary or add to constitutional provisions, the scheme of the 1974 Constitution is to contain specific language to that effect. No such language appears in the Article dealing with qualifications of judges.
The cases cited by plaintiff, Sanders v. Twenty-Eighth Judicial Dist. Dem. Ex. Com., 73 So.2d 629 (La.App. 2d Cir. 1954) and Scott v. Natchitoches Parish Democratic Exec. Com., 121 So.2d 766 (La.App. 2d Cir. 1960), are not applicable to the instant case because they were decided under previous constitutional and statutory provisions which are no longer in effect and because the decisions were based primarily on interpretations of political party requirements in party primary elections which are not applicable under the new Election Code.
Our holding is that a candidate for judge is not required to have been admitted to practice for five years at the time he qualifies as a candidate, but is required to have this qualification at the time of his election.
Plaintiff's next contention is that since there are only two candidates for the office, one will be elected in the primary election and there will be no general election for this office.[3] Thus, plaintiff argues, defendant will not have been admitted to practice law for five years at the time of his election in the first primary, if he is the successful candidate.
La.Const., art. V, § 22 requires that the regular election of judges "shall be at the regular congressional election." Other provisions of the section regulate the time of holding special elections for judges. The Election Code, LSA-R.S. 18:402, establishes the dates of regular congressional primary and general elections and the dates of special primary and general elections. By law the dates of the regular primary and general election for the office of district judge involved in this case are established as September 16 and November 7, 1978.
The phrase "prior to his election" in Article V, § 24, is, admittedly, somewhat vague *1197 and subject to more than one interpretation. The most reasonable and workable interpretation is that the phrase means the date of the final election in the normal election processthe date of the general election. See Hargrave, "The Judicial Article", 37 La.L.Rev. 766, 814. The determinative date of a candidate's qualifications should be fixed, certain and ascertainable at the time of qualification for candidacy. The date of the general election is certain and ascertainable in both regular and special elections. The interpretation of "election" urged by plaintiff would leave the determinative date uncertain and dependent on how many candidates qualify and, where there are more than two candidates, on whether one candidate receives a majority of the votes cast in the first primary, matters which cannot be determined until after expiration of the qualifying period or after the primary election.
Our holding is that "prior to his election" as used in La.Const., art. V, § 24, means prior to the date established in accordance with law for the general election in the election process for the office of district judge. Since defendant will have been admitted to practice law in this state for more than five years prior to the date of the general election established by law for the office of district judge, he meets the qualifications established by the Constitution for the office he seeks. The action objecting to his candidacy was properly dismissed.
The judgment of the district court is affirmed at the cost of plaintiff-appellant.
Affirmed.
NOTES
[1] Defendant contends that "the time he qualifies for that office" means the time of taking the oath of office after election, not the time of qualifying as a candidate for office. The same contention was rejected in Montelepre, et al. v. Edwards, et al., 359 So.2d 1311 (La.App. 4th Cir. 1978), writ denied, 359 So.2d 620 (La. 1978). We agree with the Fourth Circuit that the term "qualifies" as used in the second sentence of Section 451, means qualifies as a candidate for office.
[2] Attempts to have the language "prior to his election" changed to prior to qualifying as a candidate were entertained, considered and rejected by the Constitutional Convention on three occasions. The first occurred when the section was initially read to the Convention. Records of the Louisiana Constitutional Convention of 1973; Convention Transcripts, Volume VI, Page 864. The second occurred when a specific amendment was submitted. Records of the Louisiana Constitutional Convention of 1973. Convention Transcripts, Volume VI, Pages 871-874. The third time occurred as a style and drafting change. Records of the Louisiana Constitutional Convention of 1973, Convention Transcripts, Volume IX, Pages 3246-3250.
[3] LSA-R.S. 18:511 A.: "Majority vote. A candidate who receives a majority of the votes cast for an office in a primary election is elected.. . ."