MARVIN, Judge.
In this declaratory action which also seeks refund of sales taxes paid under protest, the defendant tax collector of Bossier City appeals a judgment which ordered a refund and which ordered the City to allow plaintiff to use the apportionment formula under state law to compute sales taxes which are periodically paid the City by plaintiff, an interstate trucking company that is domiciled in the City. We affirm.
FACTS
The City levies its sales tax under a 1963 City ordinance. Plaintiff apparently began operations in the City and properly registered itself in 1978 to collect and pay sales taxes owed the city. An audit of the plaintiff by the City in 1983 resulted in plaintiff being assessed with additional taxes for the years 1980-1983 which, with interest, totaled $16,935, and which provoked institution of this action.
LAW
A state and its political subdivisions may constitutionally tax property used in interstate transportation only if the tax is equitably apportioned on the use of the property within the state. See General Motors Corporation v. Washington, 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964); Complete Auto Transit, Inc. v. Brady, 430 U.S. 274, 97 S.Ct. 1076, 51 L.Ed.2d 326 (1977).
Louisiana recognizes the constitutional principle in LRS 47:306.1, which we reproduce in part:
Persons ... engaged in the business of transporting ... property for hire in interstate ... commerce ... may, at their option ... register as dealers and pay the taxes imposed by R.S. 47:302 A on the basis of the formula hereinafter provided.
Such persons, when properly registered as dealers, may make purchases in this state or import property into this state without payment of the sales or use taxes imposed by R.S. 47:302 A at the time of purchase or importation, provided such purchases or importations are made in strict compliance with the rules and regulations of the collector. Thereafter, on or before the 20th day of the month following the purchase or importation, the dealer shall transmit to the collector ... returns showing gross purchases and importations of tangible personal property, the cost price of which has not previously been included in a return to the state. The amount of such purchases and importations shall be multiplied by a fraction, the numerator of which is Louisiana mileage operated by the taxpayer and the denominator of which is the total mileage, to obtain the taxable amount of tax basis. This amount shall be multiplied by the tax rate to disclose the tax due. * * *
LRS 47:306.1, in part.
Emphasis supplied.
We understand that under this formula, if the Louisiana mileage was Vio of the total mileage, the trucker would owe Vio of the state sales tax on all goods purchased for use in the trucker’s operations.
The City derives its taxing authority from LRS 33:2711, et.seq. §§ 2712-13 read as follows:
Section 2712: Said sales tax shall be imposed by an ordinance of the governing body and shall be levied upon the sale at retail, the use, the lease or rental, the consumption and storage for use or consumption of tangible personal property and on sales of services in the munici *1263 pality, all as presently defined in R.S. 47:301-47:317 ...
Section 2713: Said tax shall be in addition to all other taxes and shall be collected at the same time and in the same manner and pursuant to the definitions, practices and procedure set forth in R.S. 47:301 through 47:317. Emphasis supplied.
The City contends that a 1978 legislative amendment, now LRS 47:302 E, makes the apportionment formula of LRS 47:306.1, quoted in part, supra, inapplicable to municipalities. § 302 E now provides that state sales tax exemptions do not apply to city sales taxes unless the state exemption “specifically provides that it applies to such [city sales taxes] ...”
The City’s contention assumes that LRS 47:306.1 is an exemption. Even should we agree, arguendo, § 302 E expressly relieves municipalities only from those exemptions adopted by the legislature after the effective date of § 302 E. We cannot agree, however, that § 306.1 should be construed as a statutory exemption under state law.
LRS 47:306.1 grants to properly registered interstate carriers an optional method of calculating sales tax owed the state. § 306.1 is not contained in the section of Title 47 entitled “Exemptions.” A fair reading of the statute suggests that it is a formula for the computation of sales taxes owed by interstate carriers. We cannot construe the formula as an exemption. While headings or titles of sections do not constitute part of the law, they aid interpretation. See Montelepre v. Edwards, 359 So.2d 1311 (La.App. 4th Cir.1978); State v. Williams, 449 So.2d 744 (La.App. 3d Cir.1984), writ denied.
The City further argues that “If [§ 306.-1] was intended to apply to local sales and use taxes, provisions would have to be made in order to have as numerator the mileage operated in each city.” LRS 33:2716, by analogy, indicates that Louisiana cities, like the several states, may levy sales taxes but only on property delivered or services performed within territorial limits.
No parish or municipality shall levy or collect any sales tax on the sale of any goods or personal tangible property delivered or services performed outside the territorial limits of the taxing parish or municipality.
LRS 33:2716, in part.
Defendant also contends that plaintiff cannot use the statutory apportionment formula because § 306.1 was enacted in 1956 and therefore is not a provision of the La.Revised Statutes of 1950. Again we must disagree. All validly enacted legislation becomes a part of Louisiana Revised Statutes of 1950, which is merely the general title of all unrepealed statutes that were declared effective in and after 1950. See LRS Title 1 and particularly § 14, which reads in part:
Whenever any reference is made to any portion of the Revised Statutes or to any other law, the reference applies to all amendments thereto hereafter made. Emphasis supplied.
At appellant’s cost, judgment is AFFIRMED.