PER CURIAM.*
The Judiciary Commission of Louisiana, proceeding under Article V, § 25 of the Louisiana Constitution of 1974, recommended that this court retire Judge Lorain F. Wingerter because he continues to hold office beyond the mandatory judicial retirement age. The facts are undisputed, and the case presents only a question of law. The Commission has presented its recommendation in the form of its findings of fact, conclusions of law, and conclusion as follows:
[[Image here]]
Findings of Fact. The only evidence presented at the hearing was in the form of a stipulation of facts in which the parties agreed to the following: (1) Judge Wingerter was born on September 17, 1917; (2) Judge Wingerter was first elected to serve as a City Judge in the State of Louisiana in 1948; (3) Judge Wingerter was subsequently elected to serve as a City Judge in the State of Louisiana in 1952, 1956, 1960, 1968, 1972, 1976, 1982 and 1988; (4) Judge Wingerter has served continuously for forty-three years as a Judge in Louisiana; (5) Judge Wingerter has reached and surpassed the age of seventy-five and is still serving as a Judge. The Commission adopts these stipulations as its findings of fact.
Conclusions of Law. The Commission, having listened to the arguments of counsel for the Commission and for Judge Win-gerter, having reviewed the evidence and the stipulations of facts, and having studied the applicable law, enters the following as its conclusions of law.
Article VII, § 8 of the 1921 Louisiana Constitution, as originally adopted, required Judges “hereafter elected” to retire at age seventy-five. A 1936 amendment *1099 raised the mandatory retirement age to eighty. A 1938 amendment included City Court Judges in the Constitutional retirement provisions. The mandatory retirement age of eighty was retained. Judge Wingerter was originally elected during the time within which this particular amendment to Article VII, § 8 was in effect.
A 1960 amendment to Article VII, § 8 of the 1921 Constitution lowered the mandatory retirement age to seventy-five. The amendment included a “grandfather” clause which permitted any Judge “now serving” to continue serving until obtaining the twenty years of service required for retirement at full pay, or until attaining the age of eighty years, whichever occurred first, before being required to retire.
The 1960 amendment provides, in pertinent part:
b. Every Judge shall retire upon reaching the age of seventy-five years. If he has served as a Judge of a Court of record for twenty years, he shall receive full pay for life.
However, any Judge now serving who, on attaining the age of seventy-five years, has served less than twenty years, may remain in the service until he has served for twenty years or until he has attained the age of eighty, whichever shall occur first, and shall then retire. If he has served for twenty years he shall receive full pay for life and if he has served for less than twenty years, he shall receive that proportion of his pay which the number of years served on a court bears to twenty. (Emphasis supplied.)
Article V, § 23 of the 1974 Louisiana Constitution reduced the mandatory retirement age to seventy. However, Section 23 also contains a “judicial service rights” provision. Section 23 reads in its entirety as follows:
Section 23. Judges; Retirement.
Section 23. (A) Retirement System. Within two years after the effective date of this constitution, the legislature shall provide for a retirement system for judges which shall apply to a judge taking office after the effective date of the law enacting the system and in which a judge in office at that time may elect to become a member, with credit for all prior years of judicial service and without contribution therefor. The retirement benefits and judicial service rights of a judge in office or retired on the effective date of this constitution shall not be diminished, nor shall the benefits to which a surviving spouse is entitled be reduced.
(B) Mandatory Retirement. Except as otherwise provided in this Section, a judge shall not remain in office beyond his seventieth birthday. (Emphasis supplied.)
The issue before the Commission, then, is whether Judge Wingerter is serving beyond the mandatory retirement age of seventy-five, or in the converse, is Judge Win-gerter entitled, as he suggests, to continue to serve as a Judge until the age of eighty.
Three Supreme Court cases shed light on the issue.
In In Re: Levy, 427 So.2d 844 (La.1983), the Judiciary Commission asked the Supreme Court to retire Judge S. Sanford Levy because he continued to hold office beyond the mandatory retirement age, having reached the age of eighty on January 27, 1982.
Judge Levy first assumed office in 1974 [sic: 1964]. He was last elected on November 7, 1972, when he was re-elected to a twelve-year term to the Civil District Court for the Parish of Orleans. This term would have expired on December 31, 1984. On that day, Judge Levy would have been eighty-two years old.
Judge Levy argued that the 1974 Constitution permitted him to serve until the end of the term for which he was elected, since Section 21 of that Constitution provided the “terms of office” of a Judge shall not be decreased during the term for which he as [sic: was] elected. The Supreme Court, however, held that Section 21 of the 1974 Constitution did not override, nor conflict with, Constitutional mandatory retirement *1100 provisions. Citing the 1960 amendment to the 1921 Constitution, the Court noted [that] Judge Levy could serve until age eighty or until he acquired twenty years of service, whichever came first. Since Judge Levy had reached the age of eighty, his retirement was required.
In Williams v. Ragland, 567 So.2d 63 (La.1990), a candidate for judicial office brought suit to disqualify Judge Ragland from her candidacy for re-election as Judge of the Sixth Judicial District Court.
Judge Ragland was born on July 28, 1913, and was first sworn in as Judge of the Sixth Judicial District Court on October 14, 1974. The key issue in this case was whether the phrase “any Judge now serving” in the 1960 amendments of the 1921 Constitution could be read to apply to Judge Ragland, who was first elected some three months before the 1974 Constitution became effective. The plaintiff argued that the phrase “now serving” could only mean serving in 1960, the year the language was placed in the Constitution.
Since Judge Ragland was not serving in 1960, the plaintiff contended that Ragland was not entitled to the benefits of the grandfather clause contained in the 1960 Constitutional amendment. Disagreeing, the Supreme Court held the phrase “any Judge now serving” included a Judge such as Judge Ragland, who took office while the provisions of the 1921 Constitution, as amended in 1960, were effective. Thus, since Judge Ragland was less than eighty years old and did not have twenty years of service, she was deemed eligible to run for re-election.
Third, and perhaps most significant, is the case of Giepert v. Wingerter, 531 So.2d 754 (La.1988), which involved a citizen’s challenge to Judge Wingerter’s right to seek re-election because he was beyond the mandatory retirement age of seventy, as set forth in Article V, § 23 of the Louisiana Constitution of 1974. A key issue in the prior Wingerter case was whether the “judicial service rights” clause in Section 23 of the 1974 Constitution protected Judge Win-gerter’s eligibility to serve past seventy.
The Supreme Court answered this issue in the affirmative:
Both the Constitutional history and the scholarly literature support the conclusion that the “service rights” of a judge in office on January 1, 1975 include the right to serve until at least age 75 as provided in the 1921 Constitution. In a 1977 law review article on Article V, Professor Hargrave, Coordinator of Legal Research for the 1973 Constitutional Convention, states flatly the purpose of the “service rights” clause was to keep 75 as the retirement age for judges in office under the old constitution. See Hargrave, The Judiciary Article of the Louisiana Constitution of 1974, 37 La. L.Rev. 765, 827 (1977). Of the applicability of Section 23(B), the current provision, he writes: “The mandatory retirement age of 70, however, applies only to judges who were not in office on the effective date of the constitution.” Id. (Emphasis supplied.)
The Court found in Giepert that the 1960 amendment did not exclude Wingerter:
We conclude Wingerter’s “service rights” preserved by Section 23(A) include the right to remain in office until at least age 75 as provided by the 1921 Constitution. In the 1921 Constitution, Article VII, Section 8 initially provided for a judicial retirement age of 75. In a 1936 amendment, the mandatory retirement age was raised to 80. Finally, in 1960, a constitutional amendment lowered the age [to] 75. The 1960 amendment did not except judges then in office from its scope, but it did permit sitting judges to continue to serve until age 80 or until they had achieved 20 years of service whichever came first. See La. Const. Article VII, Section 8 (1921) (as amended in 1960). No further changes were made in judicial retirement age prior to the adoption of the 1974 constitution. Wingerter’s “service rights” were fixed on December 31,1974, the last day before the new constitution took effect. These rights provided by the 1921 Constitution included the right to serve until age 75, or until age 80 if he needed additional years to *1101 achieve 20 years vested retirement service. Id. at 756. (Emphasis supplied.)
The Judiciary Commission further finds its analysis to be consistent with the intent of the constitutional revisions from 1921 to the present. The mandatory retirement age of those serving the judiciary has been reduced by Constitutional amendments from eighty to seventy-five to seventy. To hold that Judge Wingerter should be allowed to serve until eighty years old, when the constitutional revisions are consistently decreasing the mandatory retirement age, would be inconsistent with the express intent of the Constitution and its revision.
The language we find conclusive in the Supreme Court's Wingerter opinion is noted on page 756, where the Court writes:
Wingerter’s service rights were fixed on December 31, 1974, the last day before the new constitution took effect. These rights provided by the 1921 Constitution included the right to serve until age 75 or until 80, if he needed additional years to achieve 20 years vested retirement service. 531 So.2d at 756.
The language is clear. Judge Win-gerter has the right under the 1921 Constitution to serve until he is seventy-five years old, or until he has twenty years of effective service. Judge Wingerter has been on the bench for forty-three years. He is over seventy-five years old and has achieved over twenty years vested retirement. The Judiciary Commission of Louisiana finds that he has reached the mandatory retirement age and occupies his seat in violation of state law.
Conclusion. The Commission, having found that Judge Wingerter has reached the mandatory retirement age of seventy-five and has achieved more than twenty years of his vested retirement service, and having found that Judge Wingerter continues to serve as a Judge, despite having reached the mandatory retirement age, concludes the following: (1) The Commission finds that Judge Wingerter has engaged in willful misconduct relating to his official duty, and persistent and public conduct prejudicial to the administration of justice that brings the judicial office into disrepute; (2) The Commission therefore finds good cause to recommend to the Supreme Court of Louisiana that Judge Lorain F. Wingerter be removed from Judicial office.
[[Image here]]
We agree with the recommendation and reasons of the Judiciary Commission. Neither Judge Wingerter’s good faith belief in his right to remain in office, nor his capable service as a judge is in question. Nevertheless, a judge’s willful retention of office beyond his mandatory retirement age is grounds for removal by this court. Small v. Guste, 383 So.2d 1011, 1014 (La.1980); In Re: Levy, supra. Accordingly, the recommendation of the Judiciary Commission is adopted, and Judge Lorain F. Wingerter is hereby involuntarily retired.

 Ortique, J., recused and not on panel. See Rule IV, Part 2, § 3.