| iCIACCIO, Judge.
This consolidated appeal arises from three separate suits filed on August 4, 1994 in Twenty-Fifth Judicial District Court for the Parish of Plaquemines, challenging the candidacy of three incumbent members of the Plaquemines Parish Council who have qualified to run for re-election in the primary election to be held on October 1, 1994. Following a consolidated trial, the trial judge rendered judgment in favor of the defendants. The plaintiffs now appeal.
On May 16, 1994, pursuant to a petition of 15% of Plaquemines Parish registered voters,[1] the Parish Council adopted Resolution No. 94-152 calling an election on July 16, 1994 to amend Home Rule Charter Article 4, Section 4.03, Subpart A to read as follows:
A. At least nine (9) Parish Council Members shall be elected for a term of four (4) years each, except as hereinafter provided, and in accordance with the applicable provisions of the State Election Code. A person who has been elected to serve as a Parish Council Member for one and one-half or more consecutive terms shall not be eligible to be elected Parish Council Member for the succeeding term.
(Emphasis added)
The intent of the amendment was to make limited terms effective immediately and to prohibit the incumbents presently serving in their second |2term of office from seeking a third term, beginning January 1, 1995.
The proposed charter amendment was approved by the voters in the election held on July 16, 1994. However, the results of the election were not officially promulgated until August 12,1994 when Parish Council Resolution No. 94-216 adopted on July 28, 1994, canvassing the returns and declaring the results of the July 16, 1994 election, was published in the “The Plaquemines Gazette.” On July 27, 28 and 29, 1994, after the July 16 election but before the results were promulgated, three Parish Council incumbents presently serving in their second consecutive term, defendants Benedict G. “Benny” Rous- *726 selle, Michael A. Mudge and Ernest Johnson, qualified to run for re-election in the primary election to be held October 1, 1994.
Plaintiffs, registered voters and qualified electors under LSA-R.S. 18:1401, filed suit objecting to the candidacy of Roussell, Mudge and Johnson, alleging that the defendants are incumbents presently serving their second consecutive term on the Parish Council and therefore are ineligible to seek reelection under the newly adopted amendment to Home Rule Charter Article 4, Section 4.03, Subpart A. Although pursuant to LSA-R.S. 18:1406C defendants were not required to file an answer to plaintiffs suit and chose not to do so, defendants Mudge and Rousselle filed a memorandum before commencement of the trial, arguing that the proposed amendment was not in effect at the time of qualifying for the October 1, 1994 election as the election results had not yet been promulgated. Mudge and Rousselle further argued that they were eligible to qualify to run in the October 1, 1994 election, relying on LSA-R.S. 18:451. The defendants neither questioned the constitutionality of the charter amendment nor ^contested the validity of July 16, 1994 election at trial.
After a trial on the merits, the trial judge concluded that the amendment to Article 4, Section 4.03, Subpart A of the Home Rule Charter was not in effect on July 27, 28 and 29, 1994 when the defendant-incumbents qualified to run in the election to be held on October 1, 1994 and, therefore, Rousselle, Mudge and Johnson were eligible to run as candidates for re-election in their respective Parish Council districts.
Plaintiffs in the instant case, filed suit against the defendants under LSA-R.S. 18:492 which provides:
A registered voter may bring an action objecting to the candidacy of a person who qualified as a candidate in a primary election for an office for which the plaintiff is qualified to vote.
On appeal, as well as at trial, plaintiffs rely on LSA-R.S. 18:492(3) and (4) and 18:451, arguing that the defendant incumbents are not eligible to run for re-election in the primary on October 1, 1994. These statutes provide as follows:
LSA-R.S. 18:492:(3) and (4)
An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds.
[[Image here]]
(3) The defendant does not meet the qualifications for the office he seeks in the primary election; or
(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified in the primary election.
and LSA-R.S. 18:451 states in part:
A person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualified as a candidate in the election. |4Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.
Assuming, arguendo, that the trial court was correct in finding that the Home Rule Charter amendment was not in effect when defendant-incumbents qualified for re-election on July 27, 28 and 29 and that the amendment became effective on August 12, 1994 when it was officially promulgated in “The Plaquemines Gazette”, we must determine if the defendant-incumbents meet the qualifications for the office they seek in the primary election.
The amendment to Article 4, Subsection 4.03, Subpart A of the Charter specifically provides that a “person who has been elected to serve as a Parish Council Member for one and one-half or more consecutive terms shall not he eligible to be elected Parish Council Member for the succeeding term” (emphasis added). This provision, now in effect, expressly prohibits the election of each of the defendant-incumbents to the office he seeks.
In Cook v. Campbell, 360 So.2d 1193 (La.App.2d Cir.1978), writ denied, 362 So.2d 573 (La.1978), the plaintiff challenged the defendant’s candidacy for district judge on the ground that, at the time of qualifying, the *727 defendant had not been admitted to the practice of law “for at least five years prior to his election ... ”, as required by Article V, Section 24 of the Louisiana Constitution. Considering LSA-R.S. 18:451, the Court in Cook stated:
This section of the Election Code requires that a candidate shall possess the qualifications for the office he seeks at the time he qualified as a candidate for that office, except as othenvise provided by law. In the case of the five-year law practice requirement for judges, the law provides otherwise. The applicable and controlling constitutional article provides that the five-year | 5requirement be met at the time of election, not the time of qualifying as a candidate in an election.
Id., at 1195-6 (emphasis added). In concluding, the court further stated:
Our holding is that a candidate for judge is not required to have been admitted to practice for five years at the time he qualifies as a candidate, but is required to have this qualification at the time of his election.
Id., at 1196.
Applying the reasoning of Cook to the instant case, at the time of the primary election on October 1, 1994, the defendants will not meet the qualifications for the office of Parish Council Member, as the charter amendment, now in effect, satisfied the “except as otherwise provided by law” of LSA-R.S. 18:451 and renders each of the defendant-incumbents ineligible to be elected as Parish Council Member.
We also note that in Montelepre v. Edwards, 359 So.2d 1311 (La.App. 4th Cir.1978), we interpreted LSA-R.S. 18:451 to mean that, at the time of qualifying for elective office, a candidate must meet the requirements for assuming office. In that case, plaintiff Montelepre brought a declaratory judgment action to determine his eligibility to run for election to the office of Municipal Court Judge of the City of New Orleans. The pertinent statute, LSA-R.S. 13:2492(A) provided that a judge of that court “shall not be less than thirty years of age.” Monte-lepre was not thirty years old at the time of qualifying for the office, but would be thirty years old before he assumed the office. Therein we stated:
Put another way, one of the qualifications to be a candidate for office is whether, at the time one becomes a candidate by filing to run for office, it can be determined that one will possess the requirements, if any, for assuming the office. Here, it can be determined on the day Montelepre qualifies as a candidate that he will meet the requirement for assumption of the office.
IfiApplying the reasoning in Montelepre to the present matter, at the time of assumption of the office of Parish Council Member on January 1, 1995, the defendant-incumbents will not meet the requirements for assuming the office.
In brief and during oral argument defendants’ counsel urged that Cook and Montelepre do not produce the same result in the these cases, arguing that Cook and Mon-telepre merely implemented statutes that were already in effect. They further argue that the Charter Amendment may not be given retroactive effect to invalidate the earlier qualifying documents filed by appellees. We disagree.
Cook and Montelepre both held that it was proper for the court to use the election date to determine, prospectively, that an otherwise ineligible candidate would be allowed to qualify for election. We find no logical distinction to prevent us from using the October 1, 1994 election date to determine that a candidate who possessed the requisite qualifications as of the date of qualifying became ineligible for election because he would no longer have the requisite qualifications as of the date of the election.
By the mere passage of time and the operation of law, the record is sufficient for this Court to determine that appellees will not have the qualifications required for them to be legally elected to office on October 1,1994. The Charter Amendment is not given a retroactive effect as the amendment was approved by the electorate in the election on July 16,1994, some 11 days before any appel-lee filed qualification papers. Only if the amendment had been adopted subsequent to qualifying date would its implementation be retroactive.
*728 The record before us reflects that at the time of qualifying, the |7Charter Amendment had been approved by the voters of Plaque-mines Parish in the election held on July 16, 1994; that the Plaquemines Parish Council passed Council Resolution No. 94-216 on July 28, 1994, canvassing the returns and announcing the results of the July 16, 1994 election; that Council Resolution No. 94-216 was officially promulgated in the “The Plaquemines Gazette” on August 12, 1993; that on August 1, 1993 the Plaquemines Parish Council had received notice from the U.S. Justice Department that the Attorney General had made no objection to the adoption of the Charter Amendment submitted to the Department pursuant to 42 U.S.C. 1973C, Section 5 of the Voting Rights Act of 1965; and, neither the defendant-incumbents nor any voter in Plaquemines Parish has challenged the constitutionality of the Charter Amendment and/or the validity of the July 16, 1994 election. In light of the aforementioned, we find plaintiffs have proven the grounds for disqualification of the defendant-incumbents as set forth in LSA-R.S. 18:492(3). We find the defendants do not meet the qualifications for the office each seeks in the primary election.
Accordingly, for the above reasons, the judgments of the trial court dated August 18, 1994 in favor of defendants, Benedict G. Rousselle, Ernest Johnson and Michael A. Mudge, are hereby reversed and vacated.
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs Lyle Stockstill and Curtis Lemmons and against defendant, Benedict G. Rousselle, disqualifying defendant as a candidate for the office of Plaque-mines Parish Council Member, District Two, in the primary election of October 1, 1994;
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiffs, Frederick IgGondrella and Lisa Corkern and against defendant, Michael A. Mudge, disqualifying defendant as a candidate for the office of Plaquemines Parish Council Member, District Four, in the primary election of October 1, 1994;
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of plaintiffs, Norman T. Taylor, Curtis Bourgeois, Tilman J. Creppel, Sr., Samuel C. Pizzolato and James E. Trongo and against defendant, Ernest Johnson, disqualifying defendant as a candidate for the office of Plaquemines Parish Council Member, District Nine, in the primary election of October 1, 1994; and,
IT IS FURTHER HEREBY ORDERED, ADJUDGED AND DECREED that Sandra M. Hardin, Clerk of the Twenty-Fifth Judicial District Court, Fox McKeithen, Secretary of State, and Jerry M. Fowler, Commissioner of Elections take all action as is necessary to give effect to this judgment disqualifying Benedict G. Rousselle, Michael A. Mudge and Ernest Johnson as candidates for the office of Plaquemines Parish Council Members for Districts Two, Four and Nine, respectively, in the primary election of October 1, 1994.
All costs are assessed against the defendants.
REVERSED and RENDERED.

. Pursuant to Article 8, Section 8.05 of the Plaquemines Charter, amendments to the Charter can be proposed in two ways: (1) By an ordinance adopted by the Council; or (2) by a petition adopted by 15% of the registered voters of the parish, duly certified by the Registrar of Voters.