DANIEL L. DYSART, Judge.
|,On August 25, 2014, Marian Cunningham, Lisa Amoss and Robert Amoss, three New Orleans residents and registered voters (“Appellants”), filed a Petition Objecting to Candidacy (“Petition”), challenging the qualifications of Frank Marullo to seek reelection to the office of judge of the Orleans Parish Criminal District Court.[1] Appellants challenged Judge Marullo’s qualifications on two bases. First, Appellants alleged that Judge Marullo, having reached the age of 74, is no longer eligible to hold the office of judge pursuant to Article V, 23(B) of the 1974 Louisiana Constitution.[2] Second, and alternatively, Appellants maintained that, to the extent *23 Judge Marullo is subject to the provisions of the 1921 Louisiana Constitution, he must retire under Article VII, § 8(B) given that he will reach the age of 75 prior to the commencement of the term of the office for which he seeks reelection. Article VII, § 8(b) provided for the retirement of all judges when they attained the age of 75, with the exception of then-sitting judges, who were 12permitted to serve until the age of 80, unless they had served for 20 years, in which case, they were required to retire.[3]
After a hearing on August 29, 2014, the district court denied the Petition and found Judge Marullo qualified to seek reelection. In its Reasons for Judgment, the district court found that “because Judge 'Marullo’s rights under the 1921 Constitution — were vested with the 1974 Constitution he is eligible to run again because he has not yet reached the age of seventy-five.” The district court’s findings are largely based on the Louisiana Supreme Court decision of Giepert v. Wingerter, 531 So.2d 754 (La.1988).
Appellants havé timely appealed the district court’s ruling.[4] We affirm the district court’s ruling and set forth the following reasons.
BACKGROUND
The pertinent facts are not in dispute and were stipulated by the parties: •
• Judge Marullo was born on December 31, 1939, is currently 74 years old, and will turn 75 years old on December 31, 2014.
• Judge Marullo was appointed to the Orleans Parish Criminal District Court on September 16,1974, by then Governor Edwin W.' 'Edwards and has served continuously in that position through this date, having last been elected in 2008;[5]
• Judge Marullo’s current term will expire on December 31, 2014;
h* Judge Marullo most recently qualified for reelection on August 20, 2014 for the election tó take place on November 4, 2014 (and if required, a runoff on December 6, 2014).
DISCUSSION
The issue in this appeal is whether Judge Marullo is properly qualified as a candidate for judge of the Orleans Parish Criminal District Court for the November 2014 election. We agree with Judge Ma-rullo that the issue is resolved not by looking to the terms of a judge’s retirement, but by considering the qualifications for the office Sought. We first note that, under the Louisiana Election Code, “[a] person who meets the qualifications for the office he seeks may become a candidate and be voted on in a primary or general election if he qualifies as a candidate in the *24 election. Except as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.” La. R.S. 18:451 (emphasis added).
We next nóte that the limited qualifications to be a candidate for the office of a district court judge are set forth in Article V, § 24 of the 1974 Louisiana Constitution, which provides:
(A) A judge of the ... district court ... shall have been domiciled in the respective district, circuit, or parish for one year preceding election and shall have been admitted to the practice of law in the state for at least the number of years specified as follows:
[[Image here]]
(2) For a district court ... — eight years.
Accordingly, there are only two specific requirements for seeking the office of district court judge; namely, a judge must have one year of domicile in the parish in which he serves, and he must have been admitted to the practice of law Lfor eight years.[6] There is no dispute that Judge Marullo meets both of these requirements, and Appellants make no issue of these facts. In fact, any person qualified under Article V, § 24 may run for judge of a district court regardless of his or her age; whether an elected judge must retire at a certain age is an altogether separate issue. If Judge Marullo had not been a sitting judge but simply a lawyer admitted to the practice of law for at least eight years, he clearly would have qualified as a candidate for the November 2014 election.
We disagree with Appellants’ contention that “the trial court erred as a matter of law when it ruled that Louisiana law does not impose an age requirement in order for candidates to be eligible to run for the office of judge.” Appellants cite no statutory authority for this position but rely on an “entire body of jurisprudence that interprets judicial eligibility requirements as to age in the context of deciding whether candidates are eligible to run for judicial office.”
There can be no dispute that there is no statutorily or constitutionally mandated minimum or maximum age limitation ' for a candidate to run for the office of district court judge. Indeed, as Justice Dennis’ concurrence in Williams v. Rag-land, 567 So.2d 63, 67 (La.1990)(Dennis, J., concUrring) recognizes, “the Louisiana Constitution clearly does not require that a person comply with either a minimum or maximum age limit in order to run for a judicial office.” Accordingly, Judge Ma-rullo’s having attained the age of 74 does not disqualify him from running for judge.
However, the inquiry does not end ■ there. This suit seeks to disqualify Judge Marullo as a judicial candidate on the grounds that, prospectively, he does not ^possess the qualifications to hold that office. Appellants argue that because Judge Marullo will reach the mandatory retirement age (under either the 1921 or the 1974 versions of the Louisiana Constitution) prior to the time he would take office, if reelected, he “is prohibited by law from serving as a judge as of the commencement of the upcoming term. Accordingly, he should not be a candidate for that office.”
A historical review of the mandatory retirement age for judges was summarized by the Geipert Court: *25 In the 1921 Constitution, Article VII, § 8 initially provided for a judicial retirement age of 75. In a 1936 amendment, the mandatory retirement age for judges was raised to 80. Finally, in 1960, a constitutional amendment lowered the age to 75. The 1960 amendment did not except judges then in office from its scope, but it did permit sitting judges to continue to serve until age 80 or until they had achieved 20 years of service, whichever came first. See La. Const., Article VII, § 8 (1921) (as amended in 1960). No further changes were made in judicial retirement age prior to the adoption of the 1974 Constitution.
Giepert, 531 So.2d at 756. Thus, while the 1921 Constitution provided a mandatory retirement age of 75, the 1974 Constitution amended that age to 70. Appellants cannot seriously dispute that the provisions of the 1921 Constitution apply to Judge Ma-rullo, nor that the applicable mandatory retirement age for Judge Marullo is 75.[7] This issue was resolved by the Louisiana Supreme Court in Giepert, which held that a judge sitting at the time of the adoption of the 1974 Constitution had certain rights provided-by the 1921 Constitution, including “the Ifiright to serve until age 75, or until age 80 if he needed additional years to achieve 20 years vested retirement service.” Id.
Having concluded that the mandatory retirement age for Judge Marullo is 75, we now turn to the issue of whether Judge Marullo’s reaching the age of 75 prior to the commencement of the judicial term disqualifies him at this time from running for reelection. Appellants suggest that under La. R.S. 18:942, Judge Marullo is “prohibited by law from becoming a candidate for one or more of the offices for which he is qualified.”[8] Appellants reason that, because Judge Marullo “will be prohibited” from serving as a judge (because he will have then reached the mandatory retirement age and be subject to immediate removal on the date he takes office), this Court should find him ineligible to run in the first place.
Appellants’ contention is misplaced. While the applicable mandatory retirement age is 75, there is no specific statutory procedure for the manner in which a sitting judge who attains the mandatory retirement age must retire. That is, when a judge reaches the age for mandatory retirement, he is not automatically considered to have retired; he must either formally retire or be forced to retire by the Louisiana Supreme Court. This is clearly illustrated by the Louisiana Supreme Court case of In re Wingerter, 621 So.2d 1098 (La.1993), following the 1988 Giepert decision. In accordance with Giepert, Judge Wingerter was allowed to |7continue to serve as a city court judge until he *26 reached the age of 75, or until he had 20 years of service. Although it is unclear when the action to retire Judge Wingerter was filed, the 1993 decision makes clear that Judge Wingerter did not, on his own, seek to retire. Rather, the Judiciary Commission of Louisiana, arguing that Judge Wingerter had reached the age of 75 with 20 years of service, sought to compel his retirement by the Louisiana Supreme Court. Adopting the Judiciary Commission’s recommendations, the Court held that a judge’s willful retention of office beyond his mandatory retirement age is grounds for removal by this court. Id., 621 So.2d at 1100. See also State ex rel. Williams v. Cage, 196 La. 341, 350-51, 199 So. 209, 211-12 (La.1940) (rejecting the argument that “the retirement of a judge at the age of 80 years, being compulsory, should be compared with removal or suspension from office,” the Supreme Court noted that “[r]etirement is more like a resignation than like any other cause of a vacancy in office, even when the retirement is compulsory”).
We likewise reject Appellants’ contention that, although La. R.S. 18:451 requires a candidate to “possess the qualifications for the office he seeks at the time he qualifies for that office,” “subsequent conditions” should be considered in determining whether a candidate properly qualifies to run for a particular office. We find both cases on which Appellants rely to be distinguishable from the instant matter.
In Montelepre v. Edwards, 359 So.2d 1311,1314 (La.App. 4 Cir.1978), this Court, in interpreting La. R.S. 18:451, held that a “candidate must meet the | squalifications for the office at the time he qualifies to run as a candidate, except, of course, as otherwise provided by law.” The Court reasoned:
... [T]he operative word here is “qualifies,” [9] and that, in the context of this section, as well as in the context of elections generally, “qualifies” is normally understood to mean “qualifies to become a candidate.” One does not “qualify” when one is elected; rather, one “assumes office” or “takes office.” By using the term “qualifies,” the legislature is still referring to a candidate or his candidacy, as opposed to his capacity as a duly elected official. In summary, then, we feel that the legislative intent, as indicated by the title of the section, by the specific language of the first sentence, and by the use of the term “qualifies” in the last sentence, is that the candidate must meet the qualifications for the office at the time he qualifies to run as a candidate, except, of course, as otherwise provided by law.
Id. at 1314. The Court then held that an additional “subsequent condition” could be considered, which is La. R.S. 13:2492’s requirement that the judges of the Municipal Court of New Orleans “shall not be less than thirty years of age.” La. R.S. 13:2492 A. The Montelepre Court interpreted this provision as follows:
As the petitioner, on the day he qualifies to be a candidate for the office, will fulfill the requirements for being a judge because he will be thirty years of age on the day the duly elected candidate assumes the office, he meets the qualifications to be a candidate under R.S. 18:451. Put another way, one of the qualifications to be a candidate for office is whether, at the time one becomes a candidate by filing to run for office, it can be determined that one will possess *27 the requirements, if any, for assuming the office. Here, it can be determined on the day Montelepre qualifies as a candidate that he will meet the requirement for assumption of the office he will be thirty years old on or before the date the office is to be assumed.
yd. at 1314-15.
It is clear that the Montelepre Court found the requirement that those seeking the office of municipal court judge be 30 years old at the time they assume their positions to be a qualification “otherwise provided by law” within the meaning of La. R.S. 18:451. ' No comparable provision applies to the instant matter. As we previously noted, there is no minimum (or maximum) age limit for candidacy for the office of district court judge. That mandatory retirement may follow a candidate’s election has no bearing on the issue before this Court. We reiterate that the only constitutional requirements for qualifying for the office- of district court judge are those set forth in Article V, 24 of the Constitution.
Similarly, in Stockstill v. Rousselle, 94-1609-1611 (LaApp. 4 Cir. 8/16/94), 641 So.2d 724, this Court considered whether an amendment to the Home Rule Charter of Plaquemines Parish, establishing term limits for' parish council members, approved by the voters prior to, but effective after, three council members qualified to run for reelection, disqualified their candidacies. The specific amendment to the Charter provided that a “person who has been elected to serve as a Parish Council Member for one and one-half or more consecutive terms shall not be eligible to be elected ... for the succeeding term.” All three of the candidates were serving in their second consecutive term.
Like the Montelepre Court, the Stocks-till Court found the charter amendment to “satisf[y] the ‘except as otherwise provided by law* effect of LSA-R.S. 18:451 and [to] render[ ] each of the defendant-incumbents ineligible to be elected as Parish Council Member.” Id., 94-1609-1611 641 So.2d at 727. The Court noted that, “at the time of assumption of the office of Parish Council Member ... the | indefendants-incumbents will not meet the requirements for assuming the office.” Id.[10]
Again, unlike the instant matter, the charter amendment in Stockstill provided an additional qualification for seeking the office of Parish Council Member. Indeed, the amendment specifically stated that a council member, having served one and one-half or more consecutive terms, “shall not be eligible to be elected.” There is no similar provision which applies to this case, nor applicable additional requirement for qualifying for the office of district court judge. That is, the qualification to run for district court judge is in no way tied to the mandatory retirement age.
The appellants in Stockstill argued that the candidates were ineligible to run for parish council under La. R.S. 18:492(3) and (4). Curiously, in the instant matter, Appellants rely solely on subsection (4) and have not advanced the argument that, under subsection (3), Judge Marullo “does not meet the qualifications for the office he seeks in the primary election.” We view this as a concession on Appellants’ part that Judge Marullo does, indeed, meet the qualifications for the office of district court judge.
*28 We recognize the inherent quagmire presented by this matter, insofar as Judge Marullo may be retired by the Supreme Court immediately after taking office. However, as a judiciary, we are tasked with the job of interpreting the laws as they stand; “[i]t is not our function as a court of appeal to legislate.” New Orleans Fire Fighters Pension and Relief Fund v. City of New Orleans, 13-0873, h,p. 10 (La.App. 4 Cir. 12/18/13), 131 So.3d 412, 419, writ denied, 14-0142 (La.3/21/14), 135 So.3d 623, citing Simmons v. Louisiana Dept, of Public Safety and Corrections, 07-0572 (La.App. 4 Cir. 12/12/07), 975 So.2d 1, 3. See also, Hamilton v. Royal International Petroleum Corp., 05-846, p. 10 (La.2/22/06), 934 So.2d 25, 33 (“[c]ourts are not free to rewrite laws to effect a purpose that is not otherwise expressed”).
As a final note, the district court, in its Reasons for Judgment, commented on a proposed constitutional amendment which, if approved by the electorate in the November 4, 2014 election, will eliminate the mandatory requirement age for judges. Appellants submit that the trial court erred in giving any consideration to the effect that the passage of that amendment would have on this matter. We agree that the proposed constitutional amendment is not at issue in this case. Our jurisprudence clearly indicates that “courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.” Balluff v. Riverside Indoor Soccer II, L.L.C., 07-780, p. 4 (La.App. 5 Cir. 3/11/08), 982 So.2d 199, 201, citing CITGO Petroleum Co. v. Louisiana Public Service Com’n, 04-0914 (La.3/2/05), 898 So.2d 291; Baxter v. Scott, 03-2013 (La.11/14/2003), 860 So.2d 535. As we held in Munch v. Backer, 04-1136, p. 5 (La.App. 4 Cir. 12/5/07), 972 So.2d 1249, 1252, we “cannot engage in rendering advisory opinions or otherwise issue an opinion based on prediction.”
CONCLUSION
Based on the foregoing, the trial court’s judgment is affirmed.
AFFIRMED.
BAGNERIS, J., dissents with reasons.
TOBIAS, J., concurs in the result.
BONIN, J., concurs with additional reasons.

. Frank Marullo has continuously served as a judge in Orleans Parish Criminal District Court since 1974; accordingly, he will hereafter be referred to as “Judge Marullo.”

. Article VII, § 8(b) provided a mandatory retirement age of 75 forjudges.

. Article VII, 8(b) of the 1921 Louisiana Constitution was continued as a statute by Const. Art. XIV, § 16(A)(5) and is now set forth in La. R.S. 11:1352, which provides that "[e]very judge shall retire upon reaching the age of seventy years.” La. R.S. 11:1352 A(l). It further provides that "any judge over the age of seventy years in office on December 31, 1974, may remain in the service until he has served for twenty years or until he has attained the age of eighty years, whichever shall occur first, and he shall then retire.” La. R.S. 11:1352 A(2).

. Under La. R.S. 18:1409, in an action objecting to candidacy, “a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs” within 24 hours after the rendition of the judgment. Here, the Motion for Appeal was filed on August 29, 2014, the same date as the judgment,

. As the district court recognized, Judge Ma-rullo is currently the longest-sitting judge in the State of Louisiana.

. Prior to 2008, a district court judge was required to have been admitted to the practice of law for five years and to have been domiciled in the respective district, circuit or parish for 2 years preceding the election.

. Judge Marullo has served as an Orleans Parish Criminal Court District Judge for nearly 40 years.

. The statute provides, in pertinent part:
A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:
[[Image here]]
(3) The defendant does not meet the qualifications for the office he seeks in the primary election.
(4) The defendant is prohibited by law from becoming a candidate for one or more of the offices for which he qualified.

. Here, the Court is referring to the provision of La. R.S. 18:451, which states that "[e]xcept as otherwise provided by law, a candidate shall possess the qualifications for the office he seeks at the time he qualifies for that office.”

. The Court was not required to give retroactive effect to the charter amendment “as it was approved by the electorate ... some 11 days before any appellee filed qualification papers. Only if the amendment had been adopted subsequent to [the] qualifying date would its implementation be retroactive.” Id. (emphasis supplied).