TOBIAS, J.,
concurs in the result.
hi respectfully concur. Our decision herein is based almost entirely on the 1921 Louisiana Constitution and the meaning of “judicial service rights” in article V, § 23(A) of the 1974 Louisiana Constitution as interpreted by the Louisiana Supreme Court in In re Levy, 427 So.2d 844 (La. 1983); Giepert v. Wingerter, 531 So.2d 754 (La.1988); In re Wingerter, 621 So.2d 1098 (La.1993); and Williams v. Ragland, 567 So.2d 63 (La.1990).
Because the trial court quoted in part my comments as a delegate to Louisiana’s 1973 Constitutional Convention, I note the following:
The Louisiana Supreme Court has not interpreted the concept of “judicial service rights” as envisioned by me as the primary drafter/proponent of § 23 in the 1974 constitution and as understood by the members of the Committee on the Judiciary of the 1973 Constitutional Convention and by most delegates. I understood and intended “judicial service rights” to mean that once a judge was one hundred percent vested in the retirement system, i.e., was entitled to one hundred percent of his retirement benefits and was seventy years of age or older, he was required to retire. The intent of the age seventy retirement provision was to create a pool of retired judges that the Supreme Court could assign around the state to expedite the handling of crowded dockets so that no new judgeship would have 12to be created for a judicial district until such time as it was very clear that an additional judge was needed.
I am, however, bound to follow the Supreme Court’s jurisprudence and I do so *30 herein. The issue of qualification from office has been split from the concept of being able to serve. Judge Marullo is qualified to run for the district judgeship seat for which he has qualified. Whether he will be able to serve on or after 31 December 2014 is not before us and I express no opinion thereon.[1]

. I note with specificity that the 1974 La. Const, art. XIV, § 35 says that the proposed new constitution became effective "at twelve o'clock midnight on December 31, 1974.” The Louisiana Supreme Court has said that the new constitution became effective on 1 January 1975, which is a different date. See Succession of Clivens, 426 So.2d 585, 588 (La. 1982); Harlaux v. Harlaux, 426 So.2d 602, 603 (La. 1983); Malone v. Shyne, 06-2190, p. 14 n. 5 (La.9/13/06), 937 So.2d 343, 353; Williams v. Ragland, 567 So.2d 63, 64 (La. 1990); cf., State v. Smalls, 09-2695, p. 4 (La. 10/19/10), 48 So.3d 212, 215. In almost all cases this would be a meaningless or irrelevant distinction. In this case, one could rationally argue that because Judge Marullo’s seventy-fifth birthday is on 31 December 2014, the date difference is meaningful.