BAGNERIS, J.,
dissents with reasons.
liThe majority’s opinion differentiates between eligibility requirements to run for office and qualifications to serve in office. I see no such distinction. The purpose of eligibility requirements to run for office is to determine those with the requisite qualifications to serve in office. This Court recognized that purpose in Montelepre v. Edwards, 359 So.2d 1311, 1314 (La.App. 4th Cir.1978) in its finding that “one of the qualifications to be a candidate for office is whether, at the time one becomes a candidate by filing to run for office, it can be determined that one will possess the requirements, if any, for assuming the office.”
The 1921 Constitution which applies to Judge Marullo provides in part that “every judge shall retire upon reaching the age of seventy-five years.” Although a proposed constitutional amendment may do away with age requirements to serve as judge, this Court can only rule on the facts and the law as they now stand. There is no doubt that at present, Judge Marullo, who turns seventy-five years old on December 31, 2014, is prohibited from serving a new term which begins on January 1, 2015. Because Judge Marullo is unable to serve under present law, he is not eligible to run for re-election.
I would reverse the judgment of the trial court; therefore, I respectfully dissent.