860 So.2d 535 (2003)
Richard L. BAXTER
v.
John L. SCOTT.
No. 2003-CC-2013.
Supreme Court of Louisiana.
November 14, 2003.
PER CURIAM.
Following an adverse ruling from the district court on his motion to strike, defendant applied for supervisory relief in the court of appeal. The court of appeal granted the writ and docketed the matter for review. While the case was under advisement, attorneys for plaintiff and defendant filed a "Joint Motion to Dismiss Writ of Certiorari," in which they represented the parties had "amicably resolved their differences in this case" and desired "that the writ of certiorari previously granted herein be recalled and, dismissed as moot." Without acting on the motion to dismiss, the court of appeal rendered an *536 opinion on the merits. Approximately one week later, the court denied the motion to dismiss as "moot." Plaintiff applied for rehearing, arguing the court of appeal erred in addressing the merits of the case in light of the joint motion to dismiss. The court of appeal denied rehearing, finding the joint motion to dismiss did not comply with Rule 2-8.3 of the Uniform Rules of the Courts of Appeal as it was not "supported by appropriate affidavits that the facts alleged are true and correct." Plaintiff now seeks review of that ruling.
It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. St. Charles Parish School Board v. GAF Corporation, 512 So.2d 1165 (La.1987) (on rehearing). The parties' joint motion put the court of appeal on notice that the dispute between them had been amicably resolved and there was no live controversy for the court of appeal to resolve. While the motion may not have been in full compliance with Rule 2-8.3, the signatures of the parties' attorneys on the motion indicate they represented the facts contained in the motion were true and correct. See, e.g., La.Code Civ. P. art. 863(B) (signature of counsel constitutes certification that the pleading is "well grounded in fact."). In any event, as shown by the filings of the parties in this court, there is no question that the underlying dispute has been resolved.
Under these circumstances, we conclude the court of appeal erred in rendering an opinion on a moot controversy. Accordingly, the writ is granted. The judgment of the court of appeal is vacated and set aside and the matter is dismissed as moot.
KIMBALL, J., recused.