972 So.2d 1249 (2007)
Deborrah MUNCH
v.
Nicholas BACKER and United Services Automobile Association.
No. 2004-CA-1136.
Court of Appeal of Louisiana, Fourth Circuit.
December 5, 2007.
Terry B. Loup, Morris Bart, L.L.C., New Orleans, LA, for Plaintiff/Appellant.
Timothy G. Schafer, Schafer & Schafer, New Orleans, LA, for Defendant/Appellee.
*1250 (Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS, SR., Judge EDWIN A. LOMBARD and. Judge LEON A. CANNIZZARO, JR.).

ON REMAND FROM THE LOUISIANA SUPREME COURT
DENNIS R. BAGNERIS SR., Judge.
We have this matter on remand from the Louisiana Supreme Court, Our decision of May 31, 2006, affirming the trial court's judgment (Munch v. Backer, XXXX-XXXX (La.App. 4th Cir.5/31/06) 932 So.2d 759) was remanded to us "for consideration of plaintiff's claim of error during jury selection in light of our holding in Alex v. Rayne Concrete Service, 2005 1457 c/w 2344 c/w 2520 (La.1/26/07), 951 So.2d 138." In our prior decision, we did not entertain plaintiff's complaint about jury selection because the law in this circuit, at that time, mandated that a Batson/Edmonson challenge in a civil trial be reviewed on writ and not an appeal after the judgment is final. However, in Alex, the Louisiana Supreme Court held that a Batson/Edmonson challenge may be considered on appeal following the conclusion of the trial or on supervisory writ application. Id. As such, we will now address the issue of whether the trial court committed manifest error when it prevented plaintiff from exercising peremptory challenges to three jurors based on Batson/Edmonson.
In Alex, the Louisiana Supreme Court stated the law in regard to the Batson/Edmonson objections raised during the jury selection process as follows:
The Equal Protection Clause of the United States Constitution prohibits engaging in purposeful discrimination on the grounds of race in the exercise of peremptory challenges. Batson [v. Kentucky], 476 U.S. [79] at 89, 106 S.Ct. [1712] at 1719[, 90 L.Ed.2d 69(1986)]; State v. Snyder, 98-1078 (La.9/6/06), 942 So.2d 484. (Footnote omitted) As we recently explained in State v. Snyder, supra, the Supreme Court has redescribed the three-step Batson process which guides the courts examination of peremptory challenges for constitutional infirmities, as follows:
A defendants Batson challenge to a peremptory strike requires a three-step inquiry. First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Although the prosecutor must present a comprehensive reason, the second step of this process does not demand an explanation that is persuasive, or even plausible; so long as the reason is not inherently discriminatory, it suffices. Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. This final step involves evaluating the persuasiveness of the justification proffered by the prosecutor, but the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike. [Internal quotations and citations omitted.]
Id. at 150-151[1].
*1251 Our review of the record reflects that the defendant never made a Batson/Edmonson objection; rather, the trial judge merely ruled that plaintiff's use of peremptory challenges on three jurors was improper. As stated in the record:
THE COURT: No. 4, defendants?
MR. LOUP: Objection. Excused.
THE COURT: Five, plaintiff?
MR. LOUP: Excused.
THE COURT: Okay, 6, defendants?
MR. SCHAFER: Acceptable.
THE COURT: Six, plaintiff?
MR. LOUP: Excused.
THE COURT: Tell me why you excused No. 4.
MR. LOUP: Because she's a teacher.
THE COURT: And?
MR. LOUP: I don't want any teachers on the jury.
THE COURT: Why did you excuse No. 5?
MR. LOUP: Because he took pictures of the defense counsel's children's house.
THE COURT: And No. 6?
MR. LOUP: When I was observing her, she was looking very unhappy on the questions about frivolous lawsuits; in favor of or in agreement with the frivolous lawsuit statement. So that's why I excused her.
THE COURT: Okay, I think you struck them all because they are white. They are on your panel, okay?
MR. LOUP: Excuse me, Your Honor?
THE COURT: They are on your panel.
Plaintiff wished to utilize a peremptory challenge for: (1) Ms. Marconi-Haessig (Juror # 4) because she was a grammar school teacher (as was the defendant) and because she told the court she would be distracted because she needed to be in her classroom for LEAP testing; (2) Edgar Smith (Juror # 5) because he was insured by USAA (the same company named as a Defendant in these proceedings) and because he knew and did artistic work for defense counsel's son (who was also counsel of record); and (3) Brenda Hornyan (Juror # 6) because she was a member of the staff of the University of New Orleans, where plaintiff obtained a graduate degree.
After reviewing the record, we agree with plaintiff that defendant failed to meet the test as set forth by the Supreme Court in Alex. Specifically, there is nothing in the record establishing defendant made a prima facie case that plaintiff exercised a peremptory challenge based on race as to Jurors # 4, # 5, and # 6, as evidenced by the fact that defendant did not even make a Batson/Edmonson objection. Further, when questioned briefly by the trial judge for reasons, the plaintiff gave, on its face, racially neutral reasons for exercising the peremptory challenges. The trial judge failed to perform the third step of the Batson/Edmonson analysis, namely to decide if defendant carried his burden of proof of proving "purposeful discrimination;" rather, the trial judge merely ruled from the bench that plaintiff "struck them all because they are white." For these reasons, we find that the trial court committed *1252 manifest error by, sua sponte, refusing to allow plaintiff to exercise her peremptory challenges to these three jurors.
The second issue addressed by plaintiff in her supplemental brief on remand is whether this case should be remanded to the trial court for a new trial, or instead be decided by this court. In Alex, three justices agreed that the proper procedural remedy after finding a defect in the jury selection process is to remand to the trial court for a new trial; one justice only agreed to remand to the trial court in order to allow the case to move forward; and three other justices took no position on the issue of remand for a new trial because they found no error in the jury selection process. Although plaintiff asks this Court to consider whether, given the facts presented in this case, a majority of the justices of the Supreme Court would order remand to the trial court for a new trial or remand to the Court of Appeal for a de novo review of liability and damages, we cannot grant the relief plaintiff seeks. This Court cannot engage in rendering advisory opinions or otherwise issue an opinion based on prediction. At this time, we read the Supreme Court decision in Alex to mean that a remand to the trial court is necessary since the majority decision remanded the case to the trial court after finding error in the jury selection.
For the reasons stated above, we vacate our original opinion and judgment affirming the trial court. The judgment of the trial court is hereby reversed and this case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED; REMANDED TO THE TRIAL COURT.
ARMSTRONG, C.J., concurs.
JONES, J., concurs with reasons.
ARMSTRONG, C.J., concurring.
On view of Alex v. Rayne Concrete Service, 05-1457 c/w 2344 c/w 2520 (La.1/26/07), 951 So.2d 138, I feel compelled to respectfully concur in the result reached by the majority.
JONES, J., concurring with reasons.
I respectfully concur. The district court did not err in objecting to plaintiff counsel's Batson/Edmondson exclusions with respect to the three prospective jurors at issue. Further, I find no error with respect to remanding the matter to the district court.
However, I write separately to emphasize that the district court, observing what the Court thinks is a violation of Federal and State constitutions, has a fundamental right, without the objection of a party, to call into question impermissive conduct. Thus, the conduct of the district court was quite proper in questioning whether plaintiff's counsel, in striking prospective jurors, was acting in a manner consistent with law.
NOTES
[1] The Louisiana Supreme Court noted in Footnote 11 that this law applies to civil cases.