982 So.2d 199 (2008)
Michael BALLUFF
v.
RIVERSIDE INDOOR SOCCER II, L.L.C., Marianne Van Meter, Colin Rocke Mancel, L.L.C., Kenneth Farrell and Gary Ostroske.
No. 07-CA-780.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
*200 Stephen D. Marx, Chehardy, Sherman, Ellis, Marray, Recile, Griffith, Stakelum & Hayes, Metairie, LA, for Plaintiff/Appellee.
Kirk Reasonover, New Orleans, LA, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. MCMANUS, Judge.
Defendants, Mancel, L.L.C., Kenneth Farrell and Gary Ostroske, are appealing from the trial court's decision granting a preliminary injunction in favor of plaintiff, Michael Balluff.
The procedural history and factual details, as pertinent to this appeal, are as follows. On May 29, 2007, Plaintiff filed a petition for temporary restraining order, preliminary and permanent injunction, declaratory judgment and damages against Riverside Indoor Soccer II, L.L.C., Marianne Van Meter and Colin Rocke, and against Mancel, L.L.C., Kenneth Farrell and Gene Gary Ostroske. In the petition, he sought to enjoin Riverside and Van Meter from transferring ownership of Van Meter's shares of Riverside to Mancel, and he sought to enjoin Mancel and its owners from interfering with the operations of Riverside.
The trial court granted the TRO on May 29, 2007. On July 20, 2007, the trial court rendered judgment granting plaintiff's preliminary injunction, and denying Mancel's motion to dissolve the TRO. This appeal followed.
In his appellee brief to this Court, plaintiff asserted that after the judgment at issue herein, Marianne Van Meter and Riverside were dismissed as defendants from this suit, and therefore the portion of the judgment which would enjoin her from transferring her interest in Riverside to Mancel was no longer at issue. Thus, this Court ordered supplementation of the record with all judgments subsequent to the appeal.
As a result, this Court discovered that, on January 14, 2008, the trial court rendered a judgment based on consent of the parties which granted exceptions of vagueness and ambiguity, and no right and cause of action filed by defendants, appellants Mancel, L.L.C., Kenneth Farrell and Gary Ostroske, giving plaintiff thirty days to amend his petition. Thus, the petition which is the subject matter of the preliminary injunction on appeal is subject to dismissal at this time.
In order to prevail at a hearing for preliminary injunction, the moving party must show the following things: (1) that the injury, loss or damage he will suffer if *201 the injunction is not issued may be irreparable; (2) that he is entitled to the relief sought; and (3) that he will be likely to prevail on the merits of the case. Derbes v. City of New Orleans, 05-1249 (La. App.4.Cir. 8/30/06), 941 So.2d 45.
In this case, we cannot see how plaintiff could have met his burden of proving that he is likely to prevail on the merits or that he is entitled to the relief sought, for causes of action that are alleged in a petition that fails to state a cause/right of action and is vague and ambiguous. The fact that plaintiff's petition fails to state a cause/right of action and is vague and ambiguous is evidenced by the agreement of the parties and the judgment of the trial court.
Thus, the case as it is postured before us, presents this issueif the petition is reformed to specifically state facts which do allege a cause/right of action, then would a preliminary injunction be warranted. This Court believes that answering this question, at this point, would result in our issuing an advisory opinion. It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. CITGO Petroleum Co. v. Louisiana Public Service Com'n, 04-0914 (La. 3/2/05), 898 So.2d 291; Baxter v. Scott, 03-2013 (La. 11/14/2003), 860 So.2d 535.[1] This Court cannot engage in rendering advisory opinions or otherwise issue an opinion based on prediction. Munch v. Backer, 04-1136 (La.App. 4 Cir. 12/5/07), 972 So.2d 1249.
Accordingly, we find that this case is not appealable at this time, and we dismiss this appeal and remand this matter for further proceedings.
DISMISSED; REMANDED.
NOTES
[1] During the pendency of the proceedings in CITGO, supra, (which consisted of three separate appeals and two applications for supervisory writs), a statute was passed which mooted the issues for review. Accordingly, the Court declined to consider the issues, despite the fact that the statute had not been passed when the rulings complained of were rendered.

In Baxter, supra, the parties' application for writ of review was rendered moot by the subsequent agreement of the parties to amicably resolve the underlying case.