LILJEBERG, J.,
concurs with reasons.
LI agree with the opinion that Regions Bank (“Regions”) did not breach the 1991 agreement, and that no damages should have been awarded to PAF, Inc. (“PAF”). Although PAF was improperly assessed some service charges from 2007 to 2010, the record reveals that PAF was reimbursed for the service charges assessed in error to its accounts. Accordingly, I agree that the trial court’s judgment awarding damages to PAF should be reversed.
I cannot, however, agree with the language set forth in the final two sentences of the opinion. Although PAF requested specific performance in its petition, the opinion correctly notes that specific performance is impracticable because PAF terminated the 1991 purchase agreement when it closed its accounts with Regions and therefore, Regions no longer has an enforceable obligation to PAF. In my view, that should be the end of the decision. *482 Nevertheless, the opinion goes on to “offer” the remedy of specific performance in the event PAF chooses to reestablish its relationship with Regions, and further states that the accounts previously subject to the 1991 agreement would again be subject to the agreement. In my opinion, such language is advisory.
In Balluff v. Riverside Indoor Soccer II, L.L.C., 07-780, p. 4 (La.App. 5 Cir. 3/11/08), 982 So.2d 199, 201,. this Court noted that it is well-settled that courts should not decide abstract, hypothetical, or moot controversies, or render ^advisory opinions with respect to such controversies. This Court further stated that it cannot engage in rendering advisory opinions or issue an opinion based on prediction. Id.
At the time of trial in the present case, PAF’s accounts with Regions had been closed by PAF, thus making specific performance impracticable. Even if PAF could reestablish its relationship with Regions, in my view, it is not the function of this Court to advise litigants on how to proceed or to address the legal- consequences of the reestablishment of such a business relationship.
In addition, I believe that if PAF were to reestablish a relationship with Regions, which is purely hypothetical, more information would be required before this Court could determine whether or not the accounts would be subject to the terms of the 1991 agreement.