# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-423


GANNON BERTRAND

VERSUS

G-FORCE TRANSPORTATION, LLC


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF ACADIA, NO. 13-03526
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

**JOHN E. CONERY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and John E. Conery, Judges.


**Cooks, J., dissents and assigns written reasons.**


                                        **APPEAL DISMISSED.**

**Michael B. Miller**
**Jacqueline B. Manecke**
**Attorneys at Law**
**Post Office Drawer 1630**
**Crowley, Louisiana 70527-1630**
**(337) 785-9500**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Gannon Bertrand**

**Kirk L. Landry**
**Keogh, Cox & Wilson, LTD.**
**Post Office Box 1151**
**Baton Rouge, Louisiana 70821**
**(225) 383-3796**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **G-Force Transportation, LLC**

**CONERY, Judge.**

This case involves a workers' compensation claim in which claimant, Gannon Bertrand (Mr. Bertrand), was injured in the course and scope of his employment with G-Force Transportation (G-Force). G-Force, through its workers' compensation self-insurance fund, paid Mr. Bertrand both medical and indemnity benefits. Mr. Bertrand filed an appeal of a judgment by the Workers' Compensation Judge (WCJ) upholding G-Force's suspension of his weekly benefits until he submitted to a psychological evaluation in order to obtain clearance for a surgical procedure recommended by his physician.

G-Force raised the issue of the procedural posture of Mr. Bertrand's appeal on the basis that the WCJ's February 17, 2014 judgment was not a final judgment subject to appeal. We agree that the judgment that is the subject of this appeal is not final, but interlocutory in nature. Accordingly, we dismiss the appeal filed on behalf of Mr. Bertrand. We further decline to exercise our supervisory jurisdiction granted to this court under La.Const. art. 5, § 10(A) to convert the appeal to an application for supervisory writs.

## FACTS AND PROCEDURAL HISTORY

The WCJ held an expedited hearing on December 6, 2013, to address two separate issues relating to the suspension/termination of Mr. Bertrand's benefits. G-Force claimed that Mr. Bertrand failed to submit to two medical examinations, whereupon G-Force suspended payment of benefits pursuant to La.R.S. 23:1201.1(K)(8)(d).[1] G-Force gave notice to the Office of Workers' Compensation

---

[1] The pertinent portions of La.R.S. 23:1201.1(K) state:

K. (1) The employer or payor shall, within ten calendar days of the mailing of the determination from the workers' compensation judge, do either of the following:

of the two separate incidents leading to the suspension/termination of Mr. Bertrand's benefits. The first issue involved an appointment for a second medical opinion with Dr. Gregory Gidman, which is not at issue here.[2] The only remaining issue remaining before us involved Mr. Bertrand's refusal to attend a psychological evaluation with Dr. Darren Strother, scheduled by G-Force pursuant to La.Admin. Code tit. 40, pt. I § 2011(A), which provides in pertinent part:

> A. All operative interventions should be based on a positive correlation with clinical findings, the natural history of the disease, the clinical course, and diagnostic tests. A comprehensive assimilation of these factors should have led to a specific diagnosis with positive identification of the pathologic condition(s). It is imperative for the clinician to rule out non-physiologic modifiers of pain presentation, or

---

> . . . .

> 8)(a) Upon motion of either party, whether or not the employer or payor is entitled to a preliminary determination, the workers' compensation judge's ruling in a hearing shall be conducted as an expedited summary proceeding and shall be considered an order of the court and not requiring a further trial on the merits, if it concerns any of the following matters:

> . . . .

> (vii) The employee seeks to have a suspension of benefits for failure to submit to a medical examination lifted.

> . . . .

> (d) If the employee seeking relief pursuant to this Paragraph can show good cause for his refusal, the workers' compensation judge shall order the suspension or reduction in benefits lifted and the payment of any arrearage due. If the employee fails to show good cause for refusal, the workers' compensation judge shall order the suspension or reduction in benefits to continue until the employee complies.

[2] G-Force terminated Mr. Bertrand's benefits, based on his failure to undergo an examination with Dr. Gidman, classified as a second medical opinion. The WCJ found in favor of Mr. Bertrand on this issue and ordered G-Force to "lift the suspension and termination of benefits as to the second medical opinion with Dr. Gregory Gidman." G-Force timely filed a supervisory writ with this court, which was docketed as WCW 14-105. Mr. Bertrand responded to the G-Force writ but did not object to G-Force seeking a supervisory writ. On May 8, 2014, a panel of this court denied the G-Force writ and granted Bertrand's request for attorney fees for the filing of the writ. This court found that G-Force's writ application was frivolous and ordered G-Force to pay attorney fees in the amount of $2,500.00 to Mr. Bertrand's counsel. G-Force then sought a timely supervisory writ with our supreme court under docket number LASC 2014-1198, which was recently denied on September 19, 2014. That portion of the WCJ's judgment, including any prayer for penalties and attorney fees by Mr. Bertrand, is now final and not before us.

non-operative conditions mimicking radiculopathy or instability (peripheral compression neuropathy, chronic soft tissue injuries, and **psychological conditions**).

(Emphasis added.)

Mr. Bertrand's treating orthopedic surgeon, Dr. John Sledge, made a surgical recommendation. Pursuant to the procedures required as part of the pre-surgical decision making process, Dr. Sledge recommended that a psychological evaluation of Mr. Bertrand be conducted prior to the performance of elective surgery in accordance with the requirements of La.Admin. Code tit. 40, pt. I § 2011(A).

Based on Dr. Sledge's pre-surgical recommendation, G-Force scheduled a psychological evaluation for Mr. Bertrand with Dr. Darren Strother on October 14, 2014. Mr. Bertrand was given notice of the scheduled appointment through his counsel of record. In response to the notice of the appointment with Dr. Strother, counsel for Mr. Bertrand timely informed counsel for G-Force that the appointment should be canceled, and stated, "Mr. Bertrand did not select Dr. Darren Strother and would like to see Dr. Sandra Friedberg who can be contacted at (337) 232-7236 for clearance for surgery. Please have your adjuster contact Dr. Friedberg's office to give the necessary approval for this evaluation."

Mr. Bertrand did not attend the October 14, 2013 appointment with Dr. Strother. Thus, on October 17, 2013, G-Force filed a "NOTICE OF PAYMENT, MODIFICATION, SUSPENSION, TERMINATION OR CONTROVERSION OF COMPENSATION OR MEDICAL BENEFITS" (Notice) with the Office of Workers' Compensation. In the Notice, G-Force stated that Mr. Bertrand's "Compensation and/or Medical Benefits" had been terminated on the basis that "Mr. Bertrand [refused] per surgery psychological evaluation – 10/14/13."

3

On October 21, 2013, Mr. Bertrand filed with the Office of Workers' Compensation his "NOTICE OF DISAGREEMENT," which stated, "Mr. Bertrand is entitled to pre surgery psychological evaluation with his choice of psychologist, Dr. Friedberg. Mr. Bertrand has never refused a psychological evaluation."

G-Force claimed that La.R.S. 23:1121(A) provided statutory authority for its right to choose the medical practitioner that would conduct the psychological or psychiatric examination for surgical clearance mandated by the Administrative regulation. Louisiana Revised Statute 23:1121 (A) provides:

> An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this chapter.

Mr. Bertrand urged the application of La.R.S. 23:1121(B)(1), which states in pertinent part, "The employee shall have the right to select one treating physician in any field or specialty." However, the WCJ based its decision on the only issue before the WCJ, whether Mr. Bertrand had shown good cause for refusing to submit to the psychological evaluation mandated by the regulations. The WCJ's oral reasons state, in pertinent part:

> I'm following you, Mr. Miller.
>
> **I'm going to start by referring to 1201.1(K) 8 (d) and its requirement that good cause be shown. If we were here simply on a motion to compel evaluation on behalf of either party, it would be a different type of discussion and potentially different ruling. But good cause has to be shown for the refusal, and there is nothing in the statute that I am aware of in the jurisprudence under these particular facts that indicate that the employee has to see his choice first.**
>
> I am reminded of the arguments that I get in motions to compel discovery sometimes. I'm not answering until he answers mine. Or, I'm not providing my client for deposition until I get my responses for

4

discovery. It's all well and good to try and lay out something that makes sense and that makes things flow easily, but there's really no law saying who goes first.

What is a little bit different about this also, is under the "new medical guidelines," a psychosocial evaluation is required prior to surgery. There have been denials for surgery because of the failure to get the psychosocial evaluation. So, this isn't a determination. This being a psychological evaluation, it's not a determination based on necessity of psychological treatment. It is directed by the guidelines' requirement of psychological clearance. So, it's not the normal procedure where the employee sees his doctor, that doctor makes recommendations as to medical necessity, and then the employer gets a second opinion on those recommendations of necessity.

This is something that is set up in the guidelines that says this needs to be done before surgery is cleared. So, it's not dictated by questions of necessity. It's required. And for that reason, I think it makes it a little different in that I don't need the employee's doctor to establish necessity. A psychosocial evaluation is needed, and under the basic statute or the old statute that's been in place for a long time, both parties get their choice. So, it doesn't matter who goes first. And because I am looking at a determination of good cause, I cannot say --

(Emphasis added.)

At this juncture, counsel for Mr. Bertrand attempts to speak and the WCJ requests that he refrain from speaking until the court's oral reasons are completed.

The WCJ continues:

**Because I'm looking at whether or not good cause has been established, my approach is different. And I cannot state that good cause has been shown for the failure to comply with the employer's request for an evaluation with Dr. Strother.** Therefore, I do not order the lifting of any suspension for the failure to see Dr. Strother. Any suspension or reduction based on that failure shall continue until the employee complies with the request per 1201.1(K)(8)(d).

Yes, sir. Now you may speak.

(Emphasis added.)

Counsel for Mr. Bertrand continued to argue to the WCJ that G-Force had denied his client his right to be examined first by a physician of his choosing

5

pursuant to La.R.S. 23:1121(B)(1). However, the WCJ clearly distinguished the situation involving a second medical opinion, wherein G-Force would have been required to show medical necessity for the opportunity to have the claimant submit to an examination by a second physician, from this case, involving a pre-surgical clearance mandated by the Office of Workers' Compensation regulation.

Instead, the WCJ correctly found that the only issue before the court was the suspension of benefits by G-Force for Mr. Bertrand's failure to keep his appointment with Dr. Strother and the requirement that Mr. Bertrand "show good cause for his refusal," pursuant to La.R.S. 23:1201.1(K)(8)(d).[3] The WCJ further found that in the case of a regulation mandating a psychological/psychiatric examination for surgical clearance, there was no statutory right for Mr. Bertrand to see his choice of physician first. The WCJ applied the statute and regulation as written and ruled that Mr. Bertrand had not shown good cause for his refusal to attend the scheduled appointment with Dr. Strother. A Judgment reflecting the WCJ's ruling was signed on February 17, 2014.

### JURISDICTION

Mr. Bertrand filed a timely appeal of the WCJ's February 17, 2014 judgment denying the lifting of the suspension/termination of benefits for Mr. Bertrand's refusal to see Dr. Strother for a psychological evaluation.

After a review of the transcript of the hearing on December 5, 2013, it is clear that the February 17, 2014 judgment is not a final judgment, contrary to the

---

[3] If the employee seeking relief pursuant to this Paragraph *can show good cause for his refusal*, the workers' compensation judge shall order the suspension or reduction in benefits lifted and the payment of any arrearage due. If the *employee fails to show good cause for refusal, the workers' compensation judge shall order the suspension or reduction in benefits to continue until the employee complies.* (Emphasis added.)

6

assertion by Mr. Bertrand in his original briefing to this court that our jurisdiction was subject to La.Code Civ. P. art. 2083.

Louisiana Code of Civil Procedure Article 2083(A) provides, in pertinent part, "[a] final judgment is appealable in all causes in which appeals are given by law." Further La.Code Civ.P. art. 2083(C) provides, "An interlocutory judgment is appealable only when expressly provided by law." Louisiana Code of Civil Procedure Article 1841 provides that:

> A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
>
> A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
>
> A judgment that determines the merits in whole or in part is a final judgment.

The record of the hearing on December 6, 2013 and the WCJ's discussions with counsel reflect that the two issues determined at that hearing were not final judgments on the merits of the case. Further, as previously stated, that portion of the February 17, 2013 judgment that was rendered against G-Force, involving the appointment with Dr. Gidman, is not before this court.

As we have determined that the ruling at issue is not a final judgment, we dismiss the appeal. We further deny the claimant's request that this court exercise its supervisory jurisdiction under La.Const. art. 5, § 10(A) and convert the appeal to an application for supervisory writs.

In brief and at oral argument, counsel for G-Force informed this court that, in fact Mr. Bertrand subsequently did attend the appointment with Dr. Strother and that his benefits had been reinstated. Counsel for Mr. Bertrand admitted same at oral argument. Such an occurrence would suggest that the claimant's arguments

may have been rendered moot. *See Baxter v. Scott*, 03-2013, p.1 (La. 11/14/03), 860 So.2d 535, 536 (wherein the supreme court instructed that "It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies.") However, because these statements were made in brief and at oral argument, there is nothing in the record before us to definitively rule as such. Accordingly, we decline to exercise our supervisory jurisdiction. Such a procedure permits the parties to present any remaining issues upon a more fully developed evidentiary record if warranted.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal filed on behalf of Gannon Bertrand and decline to exercise our supervisory jurisdiction and convert the appeal to an application for supervisory writs. All costs of this appeal are assessed against Gannon Bertrand.

**APPEAL DISMISSED.**

GANNON BERTRAND

VERSUS

G-FORCE TRANSPORTATION, LLC

**COOKS, J., dissenting.**

I respectfully dissent from the majority opinion. I disagree that the termination of Claimant's benefits for the failure to see Dr. Strother was not an appealable issue. In this case, Claimant's weekly compensation benefits were terminated by G-Force for the sole reason that Claimant did not appear for an examination with Dr. Strother. In response, Claimant filed a motion to terminate G-Force's termination of benefits. That motion was denied, which allowed G-Force to continue not paying benefits to Claimant. I agree with Claimant that this is essentially a money judgment against him, and a properly appealable judgment. Moreover, it is important to note that workers' compensation judgments are treated differently from ordinary judgments. WCJ's maintain continuing jurisdiction over cases before them, allowing cases to be reopened and an award amended even after a judgment becomes final. *Falgout v. Dealers Truck Equip. Co.*, 98-3150 (La. 10/19/99), 748 So.2d 399. Thus, if the rules of finality that govern ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation scheme of recovery would be greatly restricted. *Falgout*, 748 So.2d 399; *Critser v. Dillard's Dep't Stores, Inc.*, 99-3113 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, *writ denied*, 01-753 (La. 5/4/01), 791 So.2d 659. Thus, I find the appeal in this case is proper. Even if the ruling is deemed interlocutory, the remedial underpinnings of the Workers' Compensation Act demands that we

exercise our supervisory jurisdiction to prevent procedural delays in fixing benefits and resolving entitlement disputes.

I also find there was a legitimate dispute (regardless of how it may eventually be decided) as to who had the right to choose the psychological evaluation examiner. This dispute should have been decided by the WCJ, *before* any decision to terminate benefits was made. Simply put, G-Force did not have the right to terminate benefits prior to the WCJ's ruling on the issue of which party could select the doctor who would conduct the initial psychological evaluation. Thus, the termination of benefits by G-Force was premature and I would reverse the denial of Claimant's Motion to Lift the Suspension of Benefits and order all back benefits paid, as well as assess penalties and attorney fees for the improper termination of benefits by G-Force. For these reasons, I dissent.