PAUL SIMMONS

VERSUS

MONIQUE LAFONTAINE SIMMONS

NO. 24-CA-162

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 785-088, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

January 29, 2025

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**AFFIRMED**
    **SUS**
    **FHW**
    **MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Waquin
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
PAUL SIMMONS
    Marc D. Winsberg
    Jonathan D. Gamble

COUNSEL FOR DEFENDANT/APPELLANT,
MONIQUE LAFONTAINE
    Monique M. Lafontaine

**SCHLEGEL, J.**

Appellant, Monique Lafontaine Simmons ("Ms. Lafontaine"), appeals the judgment of December 27, 2023, in which the district court adopted the recommendations of the special master regarding the partition of community property, interlocutory rulings regarding the testimony of the special master, and Ms. Lafontaine's objections to prior rulings by the domestic commissioner. For the following reasons, we affirm the district court's rulings.

### Factual and Procedural History

This case has a long and contentious history. We highlight the pleadings relevant to this appeal as follows.

Mr. Simmons and Ms. Lafontaine were married on June 26, 2011, and established their matrimonial domicile in Jefferson Parish. The parties never entered into a matrimonial agreement to modify or terminate the legal regime. On June 25, 2018, Mr. Simmons filed a petition for divorce, requesting a divorce under La. C.C. art. 102 and a partition of the community of acquets and gains. On March 8, 2019, Mr. Simmons was granted a judgment of divorce under La. C.C. art. 102, thereby terminating the community regime retroactively to June 25, 2018, pursuant to La. C.C. art. 159.

In the ensuing years, the parties litigated numerous preliminary and ancillary matters at issue in this appeal. Specifically, on December 9, 2020, Mr. Simmons filed a motion to quash a subpoena duces tecum issued to Mike Keim and for a protective order (the "motion to quash"), seeking to quash a subpoena to an accountant for several businesses that Mr. Simmons had acquired an interest in prior to the marriage. On March 16, 2021, Ms. Lafontaine filed a motion to compel, asserting that Mr. Simmons failed to respond to discovery regarding the partition. On July 29, 2021, Ms. Lafontaine filed an expedited motion for an advancement of community property funds (the "motion for advancement").

On February 1, 2022, the parties appeared before the domestic commissioner on the above matters, as well as the Petition for Protection from Abuse filed by Mr. Simmons.[1] On that day, the domestic commissioner ruled as follows: he issued a protective order against Ms. Lafontaine on Mr. Simmons' behalf; granted in part and denied in part Ms. Lafontaine's motion to quash; denied Ms. Lafontaine's motion to compel; and denied Ms. Lafontaine's motion for advancement. Ms. Lafontaine timely objected to these rulings on February 8, 2022.

Thereafter, on March 24, 2022, Ms. Lafontaine filed an ex parte motion for an expedited hearing for an immediate advance of her community property funds needed for representation and defense (the "second motion for advancement"). On April 5, 2022, Mr. Simmons filed a rule for contempt, for attorney's fees and court costs, and motion to modify protective order (the "Rule for Contempt and Motion to Modify"), requesting that the protective order be extended because Ms. Lafontaine had allegedly violated the protective order numerous times.

On May 11, 2022, the parties appeared before the trial court on Ms. Lafontaine's objections to the domestic commissioner's rulings on the motion to quash, motion to compel, and motion for advancement, as well as Ms. Lafontaine's second motion for advancement and Mr. Simmons' rule for contempt. At this hearing, the parties agreed to the appointment of a special master pursuant to La. R.S. 13:4165 to address these issues. The parties also agreed that the special master would address the partition of community property. Additionally, the trial court granted Mr. Simmons' request to modify the protective order, extending it through May 11, 2023.

---

[1] Mr. Simmons filed several petitions for protection from abuse against Ms. Lafontaine beginning on January 15, 2020. The Domestic Commissioner granted them, which resulted in at least fifteen Orders of Protection being granted in favor of Mr. Simmons for periods of a few months to the final protective order for a period of a year (from May 11, 2022 through May 10, 2023).

On June 1, 2022, the trial court signed the judgment appointing Frank P. Tranchina, Jr. as special master pursuant to La. R.S. 13:4165, to make findings and recommendations to the court regarding several matters: (1) Mr. Simmons' rule for contempt; (2) the determination, valuation and allocation of the parties' community assets, liabilities and reimbursement claims; (3) Ms. Lafontaine's second motion for advancement and discovery, motions and ancillary issues related thereto; and (4) Ms. Lafontaine's objections to the domestic commissioner's February 1, 2022 rulings regarding her motion to quash, motion to compel, and motion for advancement (the "judgment appointing special master"). The judgment appointing special master further provided that the special master:

> . . . shall address and make recommendations on the pending issues as timely as possible, by establishing a case management schedule which allows sufficient time and establishment of cut-off dates for discovery, and deadlines for obtaining stipulations, for meeting with the experts, for submission by the parties, and/or any other action necessary to fulfill their duties as Special Master. Any such cut-off dates and deadlines shall be considered an Order of this Court, unless objected to by the filing of a rule to show cause within seven (7) days of the filing of the Special Master's recommendation.

The judgment also stated, "that the Court or any party [could] request that the Special Master testify as to his report to the Court."

On June 20, 2022, the parties appeared before the special master on Ms. Lafontaine's objection to the commissioner's denial of her motion for advancement, as well as her second motion for advancement. On June 23, 2022, the special master issued his Judgment and Reasons (the "June 23, 2022 Judgment"), after giving Ms. Lafontaine another opportunity to support her motion for advancement during a three-hour trial on Ms. Lafontaine's objections to the commissioner's rulings. The special master's June 23, 2022 Judgment recommended that Ms. Lafontaine's requests be denied because Ms. Lafontaine had not presented sufficient evidence on February 1, 2022 before the domestic commissioner. The special master noted that Ms. Lafontaine lacked sufficient

evidence to show adequate liquid community assets not offset by her liabilities and reimbursement claims to warrant an advance of community property. Ms. Lafontaine did not object to these findings and recommendations.

On June 28, 2022, the parties were scheduled to appear before the special master for a hearing on Ms. Lafontaine's objections to the February 1, 2022 ruling on her motion to compel and Mr. Simmons' motion to quash. But on June 27, 2023, Ms. Lafontaine filed a motion to continue the hearing, stating that she had located a new attorney to serve as co-counsel and required additional time to prepare for the hearing. The motion to continue was granted. However, a Zoom status conference was held on June 28, 2022 with Ms. Lafontaine, Mr. Simmons, through counsel, and the special master appearing, at which time the special master ordered both parties to file their initial sworn detailed descriptive lists within 45 days of June 29, 2022, or no later than August 15, 2022.

On August 12, 2022, Mr. Simmons filed his sworn detailed descriptive list. Ms. Lafontaine did not file a sworn detailed descriptive list by the August 15, 2022 deadline. Accordingly, on August 17, 2022, Mr. Simmons filed a rule to show cause why his sworn detailed descriptive list should not be deemed to constitute a judicial determination of community assets and liabilities (the "rule to show cause").

On September 2, 2022, the parties appeared before the special master on the rule to show cause. Prior to the special master rendering a recommendation, the parties entered into a consent judgment, which was read into the record before the special master, reduced to writing, signed by the parties, and then subsequently signed by trial court on September 6, 2022. The consent judgment ordered Ms. Lafontaine to file her detailed descriptive list no later than September 7, 2022. The consent judgment further provided that if Ms. Lafontaine failed to file her list by this deadline, Mr. Simmons' sworn detailed descriptive list would be deemed a

judicial determination of the parties' community assets and liabilities under La. R.S. 9:2801(A)(l)(a). After the consent judgment was read into the record and signed by the parties, the special master conducted a scheduling conference with the parties and counsel, and scheduled a trial date for November 16, 2022, along with additional deadlines.

Ms. Lafontaine failed to file a detailed descriptive list by the September 7, 2022 deadline. Consequently, pursuant to the consent judgment, Mr. Simmons' detailed descriptive list was deemed a judicial determination of the parties' community assets and liabilities.

On September 13, 2022, the special master issued the scheduling order that had been discussed at the September 2, 2022 conference. A filed copy of the scheduling order was emailed to both parties on September 13, 2022 and subsequently personally served by the sheriff upon Ms. Lafontaine on October 6, 2022 and upon Mr. Simmons, through counsel, on October 7, 2022. Neither party filed an objection to the Special Master's scheduling order.

The scheduling order of September 13, 2022 provided that "[a] Joint [Detailed Descriptive] List will be submitted to the Special Master and filed into the Court record no later than November 8, 2022. Counsel for Mr. Simmons will ensure that the Joint List is timely filed." On November 8, 2022, Mr. Simmons filed the joint detailed descriptive list, which was not signed by Ms. Lafontaine. The affidavit of Mr. Simmons' counsel, filed contemporaneously with the joint detailed descriptive list, indicated that counsel had attempted to obtain Ms. Lafontaine's positions for incorporation into the list, but she failed to respond.

Shortly before the trial scheduled for November 16, 2022 before the special master, Ms. Lafontaine filed an *ex parte* emergency motion for stay with the Louisiana Supreme Court, requesting a stay of the proceedings. The Louisiana Supreme Court denied this request on November 16, 2022 and the parties appeared

before the special master for the trial on the final partition. Ms. Lafontaine orally requested a continuance of the partition trial again, which was denied by the special master.

The special master proceeded with the trial on the final partition on November 16, 2022. The joint detailed descriptive list was admitted into evidence. Both parties were afforded the opportunity to present their case on each item that was identified on the joint detailed descriptive list. The special master heard the testimony of Mr. Simmons, as well as his financial expert, Lindsey Daugherty, CPA. Ms. Lafontaine failed to present any evidence, whether in support of her claims or in rebuttal of any claims made by Mr. Simmons.

On December 15, 2022, the special master filed his opinion and proposed judgment ("the special master opinion") regarding the valuation and allocation of the community assets, liabilities, and reimbursement claims. In pertinent part, the special master opinion and proposed judgment provided that each party be allocated the assets and liabilities identified on the joint detailed descriptive list in his or her name or in their possession and that, after considering the allocation of assets and liabilities and reimbursement claims, Ms. Lafontaine owed Mr. Simmons an equalizing payment of $28,183. The special master served notice of the opinion in accordance with La. R.S. 13:4165(C)(2) upon Mr. Simmons, through his counsel of record, and Ms. Lafontaine by email. No objections were filed to the special master opinion and proposed judgment.

On February 3, 2023, Mr. Simmons filed a motion to adopt special master opinion and proposed judgment, asking the trial court to adopt the special master opinion in its entirety pursuant to La. R.S. 13:4165(C)(3). The motion to adopt was initially set for hearing on March 14, 2023, but was continued three times: first, at Mr. Simmons' request due to the unavailability of his counsel; next, by Ms. Lafontaine, who requested additional time to allow new counsel to prepare for the

hearing;[2] and finally, on the trial court's own motion due to a scheduling conflict. The hearing on the motion to adopt was eventually held on August 28, 2023.

On August 21, 2023, Ms. Lafontaine filed a "First Supplemental Opposition to the Court Rendering the Special Master Proposed Judgment Dated December 15, 2022." This opposition asserted that the record of the November 16, 2022 trial upon which the special master opinion was based was deficient because the court reporter's transcript of the partition trial did not include copies of the exhibits introduced into evidence.

In an effort to resolve this issue, at the August 28, 2023 hearing on the motion to adopt, the trial court left the matter open and ordered Mr. Simmons to supplement the record with the exhibits introduced at the August 28, 2023 hearing within fifteen days with an affidavit from the special master that identified the transcripts and exhibits the special master had relied upon in rendering the December 15, 2022 opinion and the June 23, 2022 Judgment. The transcripts and exhibits relevant to the June 23, 2022 Judgment were included; both parties presented evidence at that hearing regarding the classification of assets that Ms. Lafontaine claimed to be community property.

On September 5, 2023, Ms. Lafontaine filed an objection to the special master testifying and an *ex parte* motion for an LSA-C.E. 519 contradictory hearing and *ex parte* motion for expedited consideration ("objection to special master testifying"). Ms. Lafontaine asserted that the special master, as a judge, was prohibited from testifying, and requested a contradictory hearing, per La. C.E. art. 519, to determine whether the special master was permitted to testify. The contradictory hearing was set for October 23, 2023.

_____

[2] The order admitting Jim Mueller and Shane Landers of the Texas firm of Verner Brumley-Mueller Parker *pro hac vice* as lead counsel for Ms. Lafontaine was signed on May 24, 2023.

In accordance with the trial court's orders at the August 28, 2023 hearing, on September 12, 2023, Mr. Simmons filed two affidavits: an affidavit of special master regarding the November 16, 2022 trial, and an affidavit of special master regarding the June 20, 2022 hearing (collectively the "affidavits"). To ensure completion of the affidavits by the deadline, counsel for Mr. Simmons drafted the affidavits and circulated them to counsel for Ms. Lafontaine and the special master on September 9, 2023. The special master reviewed the affidavits and attachments, found that they comported with what he relied upon, and signed the affidavits.

On October 16, 2023, Ms. Lafontaine filed a motion in limine to exclude the special master's affidavits and *ex parte* motion for expedited consideration (the "motion in limine"). She argued that the affidavits should be excluded because they were inadmissible hearsay; the special master was prohibited from testifying; and the affidavit regarding the exhibits and transcripts related to the June 20, 2022 hearing was irrelevant because the June 20, 2022 hearing was not part of the partition proceedings.

The hearing on Ms. Lafontaine's objection to special master testifying and motion in limine began on October 23, 2023 before the trial court but Ms. Lafontaine was not able to complete her cross-examination of the special master. So, the parties selected a new date of November 20, 2023 to complete the hearing.

On October 30, 2023, Ms. Lafontaine's attorneys filed an expedited motion to withdraw, which was also set for hearing on November 20, 2023.

On November 13, 2023, Ms. Lafontaine filed a notice of intent to take supervisory writs, an *ex parte* motion to set return date, and an *ex parte* motion for stay of the trial court's interlocutory rulings. The trial court did not rule on the request for a stay. On November 18, 2024, this Court denied the writ on the basis that the October 23, 2023 hearing had yet to be completed, and denied the stay as the trial court had not yet ruled on it.

On November 18, 2023, Ms. Lafontaine filed a motion to continue the November 20, 2023 hearing and requested additional time to prepare for her cross-examination of the special master. The parties appeared before the trial court for a final time on November 20, 2023. After a contradictory hearing, the trial court granted the expedited motion to withdraw filed by Ms. Lafontaine's attorneys, denied Ms. Lafontaine's request for a continuance, and ordered that she complete her cross-examination of the special master regarding the affidavits. The trial court took Mr. Simmons' motion to adopt special master opinion under advisement.

On December 27, 2023, the trial court issued its judgment and reasons: (1) granting Ms. Lafontaine's motion for an La. C.E. art. 519 contradictory hearing; (2) denying Ms. Lafontaine's objection to special master testifying; (3) finding that Ms. Lafontaine's objection to the special master testifying and the motion in limine to exclude the special master's affidavit was moot; (4) granting Mr. Simmons' motion to adopt special master opinion and proposed judgment of December 15, 2022; and (5) adopting the December 15, 2022 special master opinion and proposed judgment as a judgment of the court. The judgment of December 27, 2023 further itemized the manner in which the property was to be divided.

On February 23, 2024, Ms. Lafontaine filed a timely notice of and motion for devolutive appeal from the judgment of December 27, 2023. This request was granted, and the district court set a return date of March 11, 2024, for the devolutive appeal. After a brief suspension of briefing deadlines while the matter was remanded to the trial court for the adjudication of a rule to challenge Ms. Lafontaine's *in forma pauperis* status, the record was supplemented and briefed.

### *Jurisdiction*

Before considering the merits in any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists. *Succession of Smith*, 22-565 (La. App. 5 Cir. 5/24/23), 367 So.3d 800, 803. This Court cannot

determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment.

Ms. Lafontaine refers to applications for supervisory writs that she has previously filed and argues that this Court is exercising supervisory jurisdiction over the instant matter.

However, the trial court rendered a final judgment on December 27, 2023 after Ms. Lafontaine's previously filed applications for supervisory writs were already ruled upon by this Court. Ms. Lafontaine timely filed a notice of and motion for devolutive appeal from the judgment of December 27, 2023, which was granted by the district court on February 25, 2024. Based on the facts and procedural status of the case, Ms. Lafontaine is entitled to an appeal as of right on the judgment of December 27, 2023 under La. C.C.P. art. 2083.

*Law and Analysis*

1. *Standard of Review*

In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error / clearly wrong standard, which precludes the setting aside of a district court's finding of fact unless that finding is clearly wrong in light of the record reviewed in its entirety. *Harvey Canal Ltd. P'ship v. Nat'l Response Restoration Corp.*, 23-195 (La. App. 5 Cir. 1/31/24), 380 So.3d 683, 686.

2. *Assignments of Error Related to the December 27, 2023 Judgment*

Ms. Lafontaine asserts the following assignments of error that are specifically related to the judgment of December 27, 2023:

- No. 1 – District court erred in rendering the December 27, 2023 judgment.

- No. 2 – District court erred in admitting the special master's testimony.

- No. 3 – District court erred in admitting the special master's affidavits.

- No. 4 – District court erred in limiting Ms. Lafontaine's cross examination of, and request to depose, the special master.

- No. 5 – District court erred in granting Mr. Simmons' motion to adopt the special master's "Opinion & Proposed Judgment."

The Louisiana statute on special masters is contained in La. R.S. 13:4165, and provides in pertinent part in Section C:

C. (1) The court may order the master to prepare a report upon the matters submitted to him and, if in the course of his duties he is required to make findings of facts or conclusions of law, the order may further require that the master include in his report information with respect to such findings or conclusions.

(2) The report shall be filed with the clerk of court and notice of such filing shall be served upon all parties.

(3) Within ten days after being served with notice of the filing of the report, any party may file a written objection thereto. After a contradictory hearing, the court may adopt the report, modify it, reject it in whole or in part, receive further evidence, or recommit it with instructions. If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous.

La. R.S. 13:4165(C).

As discussed above, Ms. Lafontaine consented to the appointment of the special master pursuant to La. R.S. 13:4165 at a hearing on May 11, 2022. The judgment appointing the special master of June 1, 2022, itemized the matters on which the special master would make findings and recommendations, and specifically provided that the special master would establish a case management schedule, which included discovery cut-offs. Further, the judgment appointing special master provided that the cut-off dates and deadlines would be an order of the court unless objected to by the filing of an order to show cause within seven days.

On June 23, 2022, the special master issued a judgment, which recommended that Ms. Lafontaine's requests for advancement be denied because she had not presented sufficient evidence on February 1, 2022 before the domestic commissioner. Ms. Lafontaine did not object.

At the status conference on June 28, 2022, the special master ordered the parties to file their initial sworn detailed descriptive lists within 45 days or by August 15, 2022. Mr. Simmons timely filed a sworn detailed descriptive list on August 12, 2022. Ms. Lafontaine failed to file her own sworn detailed descriptive list by August 15, 2022 and did not object to Mr. Simmons' detailed descriptive list.

Thus, Mr. Simmons filed a rule to show cause why his sworn detailed descriptive list should not be deemed to constitute a judicial determination of community assets and liability on August 17, 2022. His rule to show cause was set for September 2, 2022.

At the hearing on September 2, 2022, the parties entered into a consent judgment, granting Ms. Lafontaine an extension until September 7, 2022 to file her detailed descriptive list. However, she failed to comply with this extension, which was deemed a judicial determination of the parties' community assets and liabilities in accordance with the consent judgment.

The final partition trial began on November 16, 2022 before the special master. Ms. Lafontaine did not call any witness or present any evidence. The special master's opinion and proposed judgment was issued on December 15, 2022. Ms. Lafontaine did not file an objection within ten days of being served.

It was only on August 21, 2023, prior to the August 28, 2023 hearing on Mr. Simmons' motion to adopt the report of the special master, that she filed an opposition asserting the special master opinion and judgment were deficient because the transcript of the partition trial had not included copies of the exhibits introduced into evidence.

In an effort to alleviate this concern, the trial court left the matter open so that Mr. Simmons could supplement the record with an affidavit from the special master listing the transcripts and exhibits that he relied upon in rendering his

opinion of December 15, 2022.  On October 16, 2023, Ms. Lafontaine filed a motion in limine to exclude the special master's affidavits.  The trial court permitted Ms. Lafontaine to cross-examine the special master at the hearing on October 23, 2023, and extended the hearing until November 20, 2023, in order to give her time to complete her cross-examination.

After the hearing on November 20, 2023, the trial court took the matter under advisement.  After careful consideration, the trial court adopted the special master's opinion and judgment as its own on December 27, 2023.

Upon review, we find that Ms. Lafontaine's assignments of error Nos. 1-5 are without merit.  The consent judgment appointing the special master that Ms. Simmons signed clearly states that "the Court or any party can request that the Special Master testify as to his report to the Court."  Consequently, the district court was permitted to hear testimony from and consider affidavits by the special master pursuant to the consent judgment appointing the special master.

The trial court is afforded great discretion in evidentiary rulings, and absent a clear abuse of that discretion, rulings regarding the relevancy and admissibility of evidence will not be disturbed on appeal.  *State v. Garrison*, 19-62 (La. App. 5 Cir. 4/23/20), 297 So.3d 190, 206, *writ denied*, 20-547 (La. 9/23/20), 301 So.3d 1190; State *v. Cox*, 17-508 (La. App. 5 Cir. 2/21/18), 239 So.3d 465, 473, *writ denied*, 18-455 (La. 1/14/19), 261 So.3d 782.  Admitting the affidavits of the special master was within the trial court's great discretion and was not an abuse of that discretion.  Furthermore, the special master was only called in an effort to allay Ms. Lafontaine's concerns that the court did not have the evidence that the special master had relied upon in forming his opinion.

Additionally, Ms. Lafontaine failed to object to the special master's recommendation that her requests for advancement be denied, failed to file her own detailed descriptive list, and most importantly, failed to object to the special

master's opinion and proposed judgment of December 15, 2022 within ten days of being served. "If no timely objection is filed, the court shall adopt the report as submitted, unless clearly erroneous." La. R.S. 13:4165(C).

Thus, we cannot say that the district court's adoption of the special master opinion and proposed judgment was clearly erroneous. The transcripts of the proceedings and the exhibits introduced at the hearing were made part of the record, available for the trial court's review and carefully considered as evidenced by the trial court's detailed reasons for judgment.

Based upon the above finding, the Court finds that the remaining assignments of error are moot. Nevertheless, for completeness, we review the remaining assignments of error made by Ms. Lafontaine below.

3. *Abandoned Assignments of Error*

All assignments of error and issues for review must be briefed and the appellate court may consider as abandoned any assigned error of issue for review that has not been briefed. Uniform Rules – Courts of Appeal, Rule 2-12.4(B)(4); Alonso *v. Admin. Patient's Comp. Fund*, 20-211 (La. App. 5 Cir. 12/30/20), 310 So.3d 297, 301, *writ denied*, 21-125 (La. 2/9/21), 310 So.3d 177.

Ms. Lafontaine did not brief the following assignments of error, which are accordingly deemed abandoned:

- No. 6 – The domestic commissioner erred in denying Ms. Lafontaine's motions to compel.

- No. 7 – The Special Master erred by never hearing Ms. Lafontaine's motions to compel and not enforcing his own "Discovery Order".

- No. 9 – The Special Master and district court judge erred by ignoring Ms. Lafontaine's repeated pleas for discovery.

- No. 10 – Domestic Commissioner, Special Master, and district court erred by denying continuances to Ms. Lafontaine on December 1, 2021; November 16, 2022, and November 20, 2023.

- No. 12 – District court erred by never hearing Ms. Lafontaine's Motions to Advance Community for Representation and Defense.

- No. 15 – District court erred by permitting Ms. Lafontaine's counsel to withdraw on October 25, 2021, January 19, 2022, and November 20, 2023.

- No. 16 – District court judge erred by signing and filing the consent judgment dated September 2, 2022.

- No. 21 – It was error to impose costs on Ms. Lafontaine as an *in forma pauperis* party.

- No. 22 – It was error to issue the protective orders of February 1, 2022 and May 11, 2022.

- No. 23 – It was error to hold Ms. Lafontaine in contempt.

4. ***Assignments of Error Related to Interlocutory Rulings that are Moot***

Although an interlocutory judgment is generally not appealable, an interlocutory judgment is subject to review on appeal when an appealable judgment has been rendered in the case. *Jones v. ABC Ins. Co.*, 19-141 (La. App. 5 Cir. 1/29/20), 290 So.3d 317, 324. When an unrestricted appeal is taken from a final judgment, the appellant is entitled to a review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the correctness of the final judgment from which the party has taken the appeal. *Id.*

It is well settled, however, that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies. *Balluff v. Riverside Indoor Soccer II, L.L.C.*, 07-780 (La. App. 5 Cir. 3/11/08), 982 So.2d 199, 201, *citing CITGO Petroleum Co. v. Louisiana Public Service Cn,* 04–0914 (La. 3/2/05), 898 So.2d 291.

Ms. Lafontaine asserts assignment of error No. 8 relating to her motion to compel, and assignments of error No. 11, 13, and 14 relating to her motions for advancement of community property funds as follows:

- No. 8 – District court erred by summarily dismissing Ms. Lafontaine's motion to compel as "moot."

- No. 11 – The domestic commissioner and special master erred by denying Ms. Lafontaine's Motions to Advance her Community [Funds] for Representation and Defense.

- No. 13 – The special master erred by never setting or hearing Ms. Lafontaine's motion to reconsider motion for an advance.

- No. 14 – District court judge erred by summarily dismissing Ms. Lafontaine's motions for advance as "moot" in the December 27, 2023 judgment.

Ms. Lafontaine's motion to compel is moot. As discussed above, on June 27, 2022, Ms. Lafontaine filed a motion to continue her motion to compel and requested that the hearing on her objection to the domestic commissioner's ruling be continued. From the time of the filing of her motion to continue until the November 16, 2022 trial, Ms. Lafontaine did not seek to reset her objection to the denial of her motion to compel. It was Ms. Lafontaine's responsibility to reset the matter prior to the hearing on the merits of the partition. Consequently, any objections by Ms. Lafontaine became moot upon the special master's recommendation on the partition of community property.

The denial of requests for advances of community property were also interlocutory rulings that were mooted by the entry of the final judgment of December 27, 2023.

5. *Assignments of Error Related to the Scheduling Order*

Ms. Lafontaine asserts the following assignments of error related to the scheduling order of September 13, 2022 issued by the special master:

- No. 17 – Special master erred in confecting and filing the scheduling order.

- No. 18 – District court erred in enforcing and relying upon the scheduling order.

Ms. Lafontaine argues that the special master's decision to confect a scheduling order at the September 2, 2022 hearing was in violation of the mandatory procedures contained in La. R.S. 9:2801, as neither party had moved for

a scheduling order.  Ms. Lafontaine further claims that she refused to sign the scheduling order and objected "in writing" to the district court.

Ms. Lafontaine's arguments are unavailing.  The district court appointed the special master on June 1, 2022 in accordance with an agreement made by the parties on May 11, 2022 and pursuant to La. R.S. 13:4165.  And the consent judgment specifically gave the special master the authority to establish cut-off dates for discovery.  The consent judgment further provided that any such cut-off dates shall be considered an order of the court unless objected to by the filing of a rule to show cause within seven days of the special master's recommendation.

Thus, the scheduling order at issue, drafted by the special master and filed with the district court on September 13, 2022, was within the special master's authority and did not require a signature by Ms. Lafontaine.  She could have filed an objection to the scheduling order pursuant to the judgment of appointment of June 1, 2022, but she did not do so.

6. *Assignments of Error Related to Ms. Lafontaine's status as a litigant*

Ms. Lafontaine asserts the following assignments of error related to her status as a litigant:

- No. 19 – Appellant has not been held to the proper standard as a *pro se* litigant attorney forced to represent herself.

- No. 20 – Appellant was denied rights under the Americans With Disabilities Act.

Ms. Lafontaine contends that the special master and district court repeatedly made explicit comments and based rulings upon her being an attorney and not a *pro se* litigant or disabled attorney forced to represent herself.

A *pro se* petitioner is not to be denied access to the courts for review of his case on the merits by the overzealous application of form and pleading requirements or hyper-technical interpretations of court rules.  *Benoit v. Guerin*,

22-547 (La. App. 5 Cir. 1/18/23), 357 So.3d 434, 441, *writ denied*, 23-250 (La. 6/7/23), 361 So.3d 966.

There is no indication that Ms. Lafontaine was denied access to the court on hyper-technical interpretations of court rules. She has had ample access to the courts throughout these proceedings. The trial court, special master, and Mr. Simmons accommodated many of her requests for continuances. In addition, Ms. Lafontaine has been represented by attorneys at various times throughout this litigation. Finally, the record contains no evidence of health issues, only argument by Ms. Lafontaine. These assignments of error are without merit.

7. ***General Assignments of Error***

Ms. Lafontaine asserts assignments of error Nos. 24 and 25 as follows:

- No. 24 – Assignments of error inherent in the issues of law.

- No. 25 – Assignments of error asserted in the March 1, 2024 and November 16, 2023 Applications.

These assignments of error are not stated with specificity. The lack of specificity as to what errors she is asserting precludes appellate review of these assignments. *See State v. Clifton*, 17-538 (La. App. 5 Cir. 5/23/18), 248 So.3d 691, 701-02 (General allegations and lack of specificity of assigned errors precludes appellate review of those assignments of error.)

***Conclusion***

For these reasons, we find that the trial court was not clearly wrong in granting Mr. Simmons' motion to adopt the special master's opinion and proposed judgment rendered on December 15, 2022, and in adopting the special master's opinion and proposed judgment filed on December 15, 2022. The trial court's judgment of December 27, 2023 is affirmed.

***AFFIRMED***

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 29, 2025** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

## 24-CA-162

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
MARC D. WINSBERG (APPELLEE)

### MAILED

JONATHAN D. GAMBLE (APPELLEE)
ATTORNEY AT LAW
650 POYDRAS STREET
SUITE 2050
NEW ORLEANS, LA 70130

MONIQUE M. LAFONTAINE (APPELLANT)
ATTORNEY AT LAW
C/O HYATT PLACE NORTH DALLAS
5229 SPRING VALLEY ROAD
SUITE 623
DALLAS, TX 75254